**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

ROBERT BYLIN and SANDIE
BYLIN, husband and wife,

        Plaintiffs - Appellants,

v.

JOHN R. BILLINGS; OWEN
TUCKER; OPEN CREEK
OUTFITTING, LLC; OPEN CREEK
OUTFITTERS, LLC,

        Defendants - Appellees.

No. 08-8026

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D. Ct. No. 2:07-CV-00083-ABJ)**

---

Gerard R. Bosch, Law Offices of Jerry Bosch, Wilson, Wyoming, appearing for
the Appellants.

Amanda K. Roberts (Michael C. Steel, with her on the brief), Lonabaugh and
Riggs, LLP, Sheridan, Wyoming, appearing for the Appellees.

---

Before **TACHA**, **EBEL**, and **HARTZ**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

       Plaintiffs-Appellants Robert and Sandie Bylin (the "Bylins") appeal the

district court's dismissal of their suit for negligence and related claims. The district court concluded their claims were time-barred under the two-year statute of limitations set forth in Wyo. Stat. Ann. § 1-3-107(a). We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

Mr. Bylin was seriously injured in October 2003 when he was bucked from a horse during a back-country hunting expedition. Mr. Bylin hired Open Creek Outfitting, LLC ("Open Creek") to guide him on the expedition. Two of Open Creek's professional guides selected his horse and were accompanying him at the time of his injury. At all times relevant to this appeal, the members of Open Creek were Owen Tucker and John Billings.

In April 2007—approximately three and a half years after Mr. Bylin's injury—the Bylins filed suit against Mr. Billings, Mr. Tucker, and Open Creek[1] (the "defendants") for negligence and related claims,[2] and the defendants filed a

---

[1]The fourth defendant named in this appeal, Open Creek Outfitters, LLC ("OCO"), never filed an answer or otherwise appeared in this matter. Several weeks before trial, the Bylins' counsel was considering whether to dismiss OCO as a defendant because he had not yet determined whether OCO was a successor in interest to Open Creek or had merely purchased all of Open Creek's assets. For purposes of this appeal we need not decide—and therefore do not decide—whether OCO was appropriately named as a defendant to this action.

[2]This diversity suit was filed in Wyoming federal district court pursuant to 28 U.S.C. § 1332. Accordingly, the district court applied the substantive law of Wyoming. *See Pound v. Ins. Co. of N. Am.*, 439 F.2d 1059, 1062 (10th Cir. 1971) (stating that in diversity cases, "federal courts . . . apply the law of the forum

(continued...)

-2-

timely answer. A magistrate judge then issued a pretrial order setting November

2, 2007 as the deadline for discovery and dispositive motions, and January 28,

2008 as the trial date. In October 2007, the defendants moved for summary

judgment, and the Bylins filed their response.

Approximately two months later, with the defendants' summary judgment

motion still pending, the Bylins sought leave to amend their complaint to include

a count for fraud against Mr. Billings. While preparing their response, the

defendants discovered a 2006 Wyoming Supreme Court decision, *Prokop v.

Hockhalter*, 137 P.3d 131 (Wyo. 2006), holding that the two-year Wyoming

Professional Malpractice Statute of Limitations, Wyo. Stat. Ann. § 1-3-107(a),[3]

---

[2](...continued)
state").

[3]The relevant portion of the statute states:

(a) A cause of action arising from an act, error or omission in the
rendering of licensed or certified professional or health care services
shall be brought within the greater of the following times:

(i) Within two (2) years of the date of the alleged act, error or omission,
except that a cause of action may be instituted not more than two (2)
years after discovery of the alleged act, error or omission, if the
claimant can establish that the alleged act, error or omission was:

(A) Not reasonably discoverable within a two (2) year period; or

(B) The claimant failed to discover the alleged act, error or omission
within the two (2) year period despite the exercise of due diligence.

Wyo. Stat. Ann. § 1-3-107(a). It is undisputed that the limitations period, if

(continued...)

applies to actions against state-licensed outfitters and professional guides. *Prokop*, 137 P.3d at 136. On January 7, 2008, the defendants moved to amend their answer to include the affirmative defense that all of the Bylins' claims were barred by the statute of limitations. *See* Fed. R. Civ. P. 15(a).[4] The defendants attached to their motion copies of outfitter and professional licenses issued in 2003 to Mr. Tucker and the two guides who accompanied Mr. Bylin.

The next day, the district court held a final pretrial conference to discuss the Bylins' fraud allegation and the statute-of-limitations defense. The court observed that "all of this is happening at the eleventh hour, the fifty-ninth minute, the fifty-ninth second." The court stated that a statute-of-limitations defense "is a waivable defense," and that it was "gone." The court also noted that the Bylins' fraud argument was "one that should be pled early on in a case and is not one that should be coming before the Court in the eleventh hour." Nevertheless, the court allowed the Bylins to support their motion to amend with deposition testimony they had taken after the November 2 discovery deadline. It also agreed to review both the fraud claim and the defendants' authorities supporting their statute-of-

---

[3](...continued)
applicable to the Bylins' claims against the defendants, would have expired in October 2005.

[4]The Bylins claim that Mr. Billings was not among the defendants listed in the motion. The motion expressly names Mr. Billings as one of the defendants, however, as do the defendants' motion for summary judgment and their supplement to the record supporting their summary judgment motion.

-4-

limitations defense. The Bylins' counsel asked the court for at least a couple of days to respond to the defendants' motion to amend their answer, promising "to get it filed as soon as I absolutely can." The court responded that "we're not attempting to change the rules with regard to your opportunity to answer. . . . If you'll get it as soon as possible, it obviously will help us."

One week later, on January 15, the defendants supplemented the record, in support of their summary judgment motion, with affidavit and deposition testimony confirming that Mr. Tucker was the licensed outfitter of record for Open Creek, and that the two guides who had accompanied Mr. Bylin were licensed professional guides. In supplementing the record, the defendants stated:

> This evidence is being submitted so that, in the event the court grants Defendants' motion for leave to amend, the record will include sufficient admissible evidence for the Court to grant Defendants judgment as a matter of law on the basis that Plaintiffs' claims, and all of them, are barred by the applicable statute of limitations under the *Prokop* decision.

The next day, the court granted the defendants' motion to amend their answer. The court's order gave the Bylins an additional five days to respond to the defendants' affirmative defense, and the Bylins filed a response that same day.[5] On February 8, the court ordered briefing from both parties on whether the statute of limitations applied to Mr. Billings. Both parties filed their briefs, and on

---

[5]The Bylins' response addressed both the motion for leave to amend—on which the court had already ruled—and the defendants' affirmative defense based on the statute of limitations.

February 28, the district court dismissed all of the Bylins' claims.[6]

On appeal, the Bylins argue that the district court abused its discretion in its application of the Federal Rules of Civil Procedure. Specifically, they argue that the district court erred by failing to scrutinize the reason for the defendants' delay more closely under Rule 15, and by failing to apply Rule 16's "good faith" standard to the defendants' motion. The Bylins also assert that the district court erred in ruling that the statute of limitations applied to each defendant.

## II. DISCUSSION

A.    Rule 15

---

[6]The Bylins claim that the defendants never moved to amend their motion for summary judgment, and that the district court's dismissal of the Bylins' claims was, on that basis alone, an abuse of discretion. We disagree. The defendants' request to "supplement the record in support of [their] motion for summary judgment," which they filed on January 15, 2008, was in effect a motion to amend their summary judgment motion. The Bylins also argue that the court abused its discretion by *raising* the Wyoming statute of limitations sua sponte. *See United States v. Mitchell*, 518 F.3d 740, 748 (10th Cir. 2008) ("In general, a statute of limitations may not be raised *sua sponte* and all circuits to consider this issue have held so explicitly."). Although the court used the phrase "sua sponte" in its order, the court did not actually raise the statute of limitations sua sponte. A court raises an issue sua sponte when it does so "[w]ithout prompting or suggestion; on its own motion." *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1210 (11th Cir. 2003) (quoting Black's Law Dictionary 1437 (7th ed. 1999)). The defendants—not the court—raised the statute of limitations defense in their motion to amend their answer. Moreover, the court dismissed the Bylins' claims based on: (1) the defendants' motion for summary judgment, wherein they asserted they were entitled to judgment as a matter of law; and (2) their January 15, 2008 supplement to the record supporting their motion for summary judgment. Although the court certainly could have been more explicit about the basis for its dismissal, the mere statement that it was doing so "sua sponte" was not, by itself, an abuse of discretion or legal error.

-6-

We begin by assessing the district court's application of Rule 15, which governs amendments to pleadings generally. Except when an amendment is pleaded as a "matter of course," as defined by the rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

We review a district court's decision to grant leave to amend for abuse of discretion. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 559 (10th Cir. 2001). "A district court abuses its discretion if its decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) (quotations omitted).

The Bylins rely on *Frank* for the proposition that the district court's denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d 1365–66. The question before us, however, is not whether a district court's *denying* leave to amend was appropriate, but whether its *granting* leave to amend was sufficiently "arbitrary, capricious, whimsical, or manifestly unreasonable" as to constitute an abuse of

discretion. *See Orr*, 417 F.3d at 1153 (quotations omitted). The district court has "wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (quotations omitted). "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316 (1960). Typically, courts will find prejudice only when an amendment unfairly affects non-movants "'in terms of preparing their [response] to the amendment.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

We conclude that the defendants' late amendment did not unduly prejudice the Bylins, and therefore the district court did not abuse its discretion in allowing the amendment. At the final pretrial conference, the Bylins' counsel asked the court for "at least a couple days" to respond to the defendants' motion. The court agreed and did not rule on the motion until eight days later. The court granted the defendants' motion and gave the Bylins an additional five days to respond to the defendants' statute-of-limitations defense. The Bylins filed their response later that day, addressing both the amendment issue and the statute-of-limitations issue. The court also allowed the Bylins to supplement their fraud claim with depositions they had taken after the November 2 discovery deadline—without requiring them to show good cause for modifying the court's scheduling

order—and gave them ten additional days to submit a brief concerning the application of the statute of limitations defense to Mr. Billings.[7]

These pretrial proceedings distinguish this case from *Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997), on which the Bylins rely in asserting that the defendants waived the statute-of-limitations defense. In *Venters*, the defendants raised a statute-of-limitations defense for the first time on the eve of oral argument on the plaintiff's motion for summary judgment. *Id.* at 968. The Seventh Circuit held that the statute-of-limitations defense had been waived,

---

[7]On appeal, the Bylins argue that the district court violated at least two of its own local rules of procedure by: (1) giving them fewer than ten days to respond to the defendants' motion to amend before granting the motion; and (2) ruling on the defendants' motion before receiving their response. *See* D. Wyo. R. Civ. P. 7.1(b)(2)(A), *id.* R. 15.1(a). Although a district court's local rules of practice are technically binding on both the court and the parties, "[c]onsiderable deference is accorded to the [court's] interpretation and application of [its] own rules of practice and procedure." *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980). Other circuits also have recognized the wide latitude district courts enjoy in interpreting and administering their own rules. *See, e.g.*, *Clark v. Hous. Auth. of Alma*, 971 F.2d 723, 727 (11th Cir. 1992) ("[T]his circuit gives great deference to a district court's interpretation of its local rules."); *United States v. Diaz-Villafane*, 874 F.2d 43, 46 (1st Cir. 1989) ("[A] district court should be accorded considerable latitude in applying local procedural rules of its own making, and in departing from them."); *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) ("District courts have broad discretion in interpreting and applying their local rules.").
        We conclude that the district court's application of its local rules was based on its reasonable interest in expediting pretrial proceedings and did not unfairly prejudice the Bylins. Thus, the district court did not abuse its discretion. *See United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000) ("[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment.").

primarily because: (1) the plaintiff did not receive notice of the defense until the morning of oral argument; (2) the defense raised a number of new issues; and (3) the district court relied on the defense in granting summary judgment to the defendants, without considering the evident prejudice it caused to the plaintiff. *Id.* at 968–69.

Here, the Bylins received adequate notice of the statute-of-limitations defense and had ample opportunity to respond. Although the district court initially stated that granting the defendants' motion to amend would constitute "tremendous prejudice," it drew this conclusion before considering the defendants' submission of authorities and testimony in support of their motion, and before it had reviewed the Bylins' supplemental depositions. The court's review of these authorities and evidentiary materials informed the court's conclusion that the defense did not raise new issues requiring substantial discovery. The court therefore appropriately assessed any prejudicial effect its decision would have on the Bylins' claims before dismissing them.

We recognize that the Bylins and their attorneys spent significant time and resources in preparing their case. However, the expenditure of time, money, and effort alone is not grounds for a finding of prejudice. *See Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993) (stating that "time, effort and money . . . expended in litigating [a] matter" do not invariably amount to "substantial prejudice"); *Granus v. N. Am. Philips Lighting Corp.*, 821 F.2d 1253, 1256 (6th

Cir. 1987) (a plaintiff's showing of prejudice based solely on his expenditure of "much time and money in pretrial discovery . . . [is] no reason for the district court to have denied the [defendant's] amendment" to its answer). For these reasons, we conclude that the district court's granting the defendants leave to amend did not unduly prejudice the Bylins. Thus, the district court did not abuse its discretion in allowing the amendment under Rule 15.

B.     Rule 16

The Bylins assert, for the first time on appeal, that the district court erred by failing to analyze the defendants' motion to amend their answer under Rule 16. While Rule 15 governs amendments to pleadings generally, Rule 16 governs amendments to scheduling orders. Fed. R. Civ. P. 16(b). The Bylins argue that, because the defendants moved to amend their answer more than two months after the magistrate judge's deadline for dispositive motions,[8] their motion effectively amended a scheduling order.[9] Rule 16 only allows such amendments for "good

---

[8]The magistrate judge's pretrial order failed to set a deadline for amendments to pleadings, as required under Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure. The scheduling order did, however, set a November 2, 2007 deadline for dispositive motions. The defendants' motion to amend is therefore properly viewed as a motion to modify the court's scheduling order with respect to that deadline, given that the motion's intended effect was to bar all of the Bylins' claims.

[9]Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its "good cause" standard are implicated. *See, e.g.*, *Romero v. Drummond Co.*, 552 F.3d 1303, 1318–19 (11th Cir. 2008); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir.

(continued...)

cause," Fed. R. Civ. P. 16(b)(4), an arguably more stringent standard than the standards for amending a pleading under Rule 15. However, because the Bylins did not make the Rule 16 argument to the district court, we do not consider it. *See Stewart v. U.S. Dept. of Interior*, 554 F.3d 1236, 1245 n.1 (10th Cir. 2009) (citing *Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1167 (10th Cir. 2005).

We consider issues not raised or argued in the district court "only in the most unusual circumstances, which may include issues regarding jurisdiction and sovereign immunity, instances where public interest is implicated, or where manifest injustice would result." *Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1386 (10th Cir. 1997) (quotations and alterations omitted). We find no such unusual circumstances or "manifest injustice" in this case. We have noted the "rough similarity" between the "undue delay" standard of Rule 15 and the "good cause" standard of Rule 16. *See Minter*, 451 F.3d at 1205 n.4. In addition,

---

[9](...continued)
2008); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Trans-Spec Truck Serv., Inc., v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008); *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003); *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 684 (3d Cir. 2003); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437–38 (8th Cir. 1999); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992). This circuit, however, has not ruled on that question in the context of an amendment to an existing pleading. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (noting that we have applied Rule 16 to a counterclaim filed after a deadline but have not decided whether Rule 16 applies to a post-deadline amendment to a pleading).

appellate courts that have applied Rule 16 have afforded wide discretion to district courts' applications of that rule. *See, e.g.*, *United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) ("[T]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion.") (quotations omitted); *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 684 (3d Cir. 2003)("Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation.") (quotations omitted). For these reasons, it appears unlikely that applying Rule 16 would lead to a different outcome, much less prevent a "manifest injustice."[10] Thus, we do not consider the Bylins' Rule 16 argument.

C.    Applying the Statute of Limitations after *Prokop*

Finally, the Bylins argue that under *Prokop* the statute of limitations does not apply to the defendants and thus does not bar the Bylins' claims against them. They assert that the district court's determination that the statute does apply constitutes legal error. We "review de novo a district court's ruling regarding the applicability of a statute of limitations." *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002) (quotations omitted).

We conclude that the statute of limitations applies to all three defendants.

---

[10]Because we decline to consider the Bylins' Rule 16 argument, we leave for another day the question of whether this circuit should apply Rule 16 when a party seeks to amend a pleading after a court-imposed deadline.

In *Prokop*, the Wyoming Supreme Court held, inter alia, that "the two-year statute of limitations set forth in Wyo. Stat. Ann. § 1-3-107(a) applies to actions against licensed outfitters and professional guides." *Prokop*, 137 P.3d at 136. At the time Mr. Bylin was injured, Mr. Tucker was the licensed outfitter of record for Open Creek, and Open Creek was a licenced outfitter. The statute, therefore, clearly applies to them. Additionally, although Mr. Billings was neither a licensed outfitter nor a professional hunting guide at the time Mr. Bylin was injured, the Bylins brought suit against him in his capacity as member and owner of Open Creek. The plain language of Wyo. Stat. Ann § 1-3-107 states that "[a] cause of action arising from an act, error or omission in the rendering of licensed . . . services shall be brought within . . . two (2) years of the date of the alleged act . . . ." *Id.* § 1-3-107(a)(i). *Prokop* states that "we need not look any further than the plain language of § 1-3-107(a) to conclude that the two-year statute of limitations applies to causes of action arising from an act, error or omission in the rendering of licensed outfitter or professional guide services." *Prokop*, 137 P.3d at 134–35. The Bylins' suit against Mr. Billings arose from the same "act, error or omission" that Mr. Bylin asserts caused his injuries. We therefore conclude that, under *Prokop*, the statute of limitations applies to Mr. Billings.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order dismissing all of the Bylins' claims and pending motions.