**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MALINA V. LAZAROV,

        Plaintiff-Appellant,

v.

JAMES KIMMEL; SUZANNE
STAIERT; JOHN JONES; TRENT
COOPER,

        Defendants-Appellees.

No. 11-1097
(D.C. No. 1:10-CV-01238-CMA-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

Malina Lazarov, appearing before us pro se, is a resident of Littleton,

Colorado who feels that she has been illegally harassed by her neighbors. She

made a number of calls to the Littleton Police Department (LPD) complaining of

this illegal harassment. Ms. Lazarov worked mostly at night, and her main

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint was that the children who lived around her were being unreasonably loud while they played outside her apartment during the day, which disrupted her ability to sleep. She also asserted that the parents of the children harassed her in response to Ms. Lazarov's complaints to authorities and her videotaping of the children as support for her complaints. In response to her calls, she was informed by the police that they had determined that the noise made by the playing children was not unreasonable during daylight hours and that she needed to stop calling the police department. Eventually, after making another complaint, she was arrested and later convicted by a jury of "violating Littleton Ordinance 6-14-16: Public Officials, Obstruction of Duties: (A) Resisting the Duties of Public Officials: 7. False Information." Aplt. App. at 231. She subsequently filed a pro se federal civil rights complaint under 42 U.S.C. § 1983 against the defendants-appellees. According to Ms. Lazarov's complaint, Mr. Jones is a police officer with the LPD; Mr. Cooper, a Lieutenant with the LPD, is Mr. Jones's supervisor; Ms. Staiert is the Littleton City Attorney; and Mr. Kimmel is the former municipal judge who presided over her jury trial. In her complaint, Ms. Lazarov asserted that the defendants-appellees violated her rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

On January 21, 2011, the magistrate judge recommended that Ms. Lazarov's claims against Judge Kimmel be dismissed on the basis of absolute

-2-

judicial immunity, that her claims against Ms. Staiert be dismissed on the basis of absolute prosecutorial immunity, and that her claims against Officer Jones and Lieutenant Cooper be dismissed on the basis of qualified immunity, holding that her factual allegations did not show that defendants violated her constitutional rights, nor would reasonable persons in defendants' positions have known their conduct violated constitutional rights. The magistrate judge's recommendation specifically notified Ms. Lazarov in bold type that she had fourteen days after service of the recommendation to file specific written objections, and that failure to do so would waive de novo review of the recommendation by the district judge and appellate review of all factual and legal questions.

On February 4, 2011, Ms. Lazarov filed a Motion for Extension of Time, seeking a twenty-one-day extension of time in which to file her written objections. She listed four reasons for seeking the extension: (1) the district court judge ruled on five previous motions immediately prior to issuing his recommendation, she wished to file objections to those rulings, and it was impossible for her to both object to those rulings, and file her objections to the magistrate judge's recommendation, in the time given; (2) she needed additional time to find an attorney; (3) she was having to spend time looking for rental assistance because she was unemployed due to defendants' actions; and (4) it was impossible to live a normal life due to the constant harassment she had to endure at home.

On February 9, 2011, the district court denied her motion for extension of time, adopted the magistrate judge's recommendation, and dismissed her case.  As to the requested extension, the court noted that it was Ms. Lazarov's seventh request for extension in a cause of action that had been pending for less than a year.  The court noted that she had complained in a number of the extension requests about the need to find an attorney and that she had complained about having insufficient time due to her neighbor, her health, court appearances and psychological evaluations.  The court noted that Ms. Lazarov's pro se status did not entitle her to leniency from court deadlines.  Following the court's dismissal, Ms. Lazarov filed her appeal with this court.

On appeal, Ms. Lazarov first argues that the district court erred in failing to grant her extension motion.  Her second argument is that even if she failed to file timely objections, this court should reverse and remand the district court's decision because it constituted plain error.  We disagree as to both arguments.

I.

Under Federal Rule of Civil Procedure 6(b):  "When an act may or must be done within a specified time, the court may, for good cause, extend the time[.]"  We review the denial of a motion for extension of time under the abuse of discretion standard.  *Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1242 (10th Cir. 2010), *petition for cert. filed*, 80 U.S.L.W. 3015 (U.S. Nov. 5, 2010) (No. 10-769).  "A district court abuses its discretion if its decision

is arbitrary, capricious, whimsical, or manifestly unreasonable." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotation omitted). Described another way: "A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1157 (10th Cir. 2011) (quotation omitted).

Here, Ms. Lazarov argues that the district court only addressed one of her causes for seeking an extension of time and that "means that [the court] has tacitly agreed with them." Aplt. Opening Br. at 5. Further, she asserts that the failure to explicitly address all her causes shows that the decision is unjust. Finally, she asserts that the strongest reason for granting her an extension of time was that it was unreasonable to expect her to file both her objections to the recommendation and objections to the five previous court rulings by the district court judge within 17 days.

First, it is clear that the district court did not "tacitly agree" that any of Ms. Lazarov's causes for extension constituted "good cause." If it had, it would have granted the extension. Second, the court based its denial on Ms. Lazarov's numerous prior requests for extensions, the fact that she had had three months to hire an attorney since the court had previously granted an extension of time to do so, and the fact that Ms. Lazarov's pro se status did not entitle her to an extension. It seems obvious that the court treated the three allegedly-unaddressed

-5-

causes (i.e., insufficient time to respond to numerous rulings, time needed to seek rental assistance, and constant harassment at home) as conditions of her pro se status that were not sufficient to warrant an extension.

Lastly, Ms. Lazarov's need for additional time so that she could file what were essentially motions to reconsider five interlocutory rulings on previous motions made by the *district court* judge, does not amount to "good cause" for an extension of time to file her objections to the magistrate judge's recommendation. First of all, three of the five rulings that Ms. Lazarov wanted to seek reconsideration of, were denials of *previous* motions to reconsider. The other two rulings were on motions for extensions of time *to file reconsideration motions*. More importantly, her assertion that she needed additional time to "respond" to these orders was based on a misreading of Fed. R. Civ. P. 12(a)(4)(A). That portion of Rule 12 concerns how the time limit for a responsive pleading is affected by, say, a defendant filing a motion to dismiss for lack of subject matter jurisdiction prior to filing an answer. Ms. Lazarov's motion makes clear that she misread the rule as setting a time limit in which she was *required* to file a "responsive pleading" to these court rulings. The district court did not abuse its discretion in denying Ms. Lazarov's motion for extension of time to respond to the recommendation.

II.

Ms. Lazarov next contends that reversal is required because the district court's dismissal constitutes plain error. She asserts that the adoption of the recommendation was plain error because: "**[The recommendation] is a blatant, willful and wanton distortion of the facts and evidence upon which Appellant's case is built. In addition, it is** so grotesquely **fallacious** that, in Appellant's view, it can only elicit revulsion and indignation in the mind of any honest and unbiased reader of it." Aplt. Opening Br. at 8.

Under our "firm waiver rule," because Ms. Lazarov failed to file timely objections to the magistrate judge's recommendation, she has waived appellate review. *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004). Nevertheless, the firm waiver rule does not apply (1) when a pro se litigant was not notified of the time period for filing objections and the consequences for failing to do so, (2) when the interests of justice warrant, or (3) when the party that failed to object makes a showing of plain error. *See Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006). Here, it is clear that Ms. Lazarov was notified of the consequences of her failure to file objections. In assessing whether the interests of justice favor an exception to the firm waiver rule, "we have considered factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008)

-7-

(quotation omitted). And plain error is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

We have examined the briefs, the record, and the applicable law in light of the applicable standard of review and find that the interests of justice do not warrant non-application of the firm waiver rule. Nor do we find plain error in the district court's adoption of the magistrate judge's recommendation and dismissal of the case.

The judgment of the district court dismissing Ms. Lazarov's cause of action is AFFIRMED. Ms. Lazarov's Motion for Sanctions against Appellees is DENIED. Ms. Lazarov's Motion for Leave To Proceed on Appeal Without Prepayment of Costs or Fees is GRANTED.

Entered for the Court


Bobby R. Baldock
Circuit Judge