FILED
United States Court of Appeals
Tenth Circuit

April 30, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DARYL STONE,

     Plaintiff - Appellant,

v.

JOSEPH SIMONE; JEFF LAMBING;
MATT GRASHORN; CHANCE
WALKAMA; JOHN HAUKUP, in their
individual and official capacities as Law
Enforcement Officials; THE STATE OF
WYOMING; COUNTY OF LARAMIE,

     Defendants - Appellees.

No. 14-8058
(D.C. No. 2:13-CV-00126-SWS)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Daryl Stone appeals the district court's grant of judgment on the pleadings in favor

of the defendants and the denial of his motion to file an amended complaint. The

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

individual defendants are law-enforcement officers who Stone claimed violated his rights during a traffic stop. We affirm.

## I. BACKGROUND

In reviewing the grant of a motion for judgment on the pleadings, we accept as true all facts pled by the non-moving party and grant all reasonable inferences from the pleadings in the non-movant's favor. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). Stone's complaint alleged he was a passenger in a vehicle stopped by defendant Simone, who pointed his weapon at the occupants, including Stone, and ordered them to get out of the vehicle. When Stone did not immediately respond, an unidentified defendant twice used his Taser on him. Stone got out of the vehicle and a defendant, also unidentified, again shot Stone with a Taser. As Stone lay face-down and helpless on the ground, unidentified defendants physically battered and assaulted him.

Stone filed suit alleging causes of action under 42 U.S.C. § 1983, the Wyoming Constitution, and Wyoming state law. Some ten months later, the defendants filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Eight days after the deadline for filing his response to the motion for judgment on the pleadings, Stone filed a motion to amend the complaint, attaching a proposed amended complaint. The next day, he filed an untimely response in opposition to the motion for judgment on the pleadings, basing the response primarily on the proposed amended complaint. Notably, Stone's motion to amend offered no reason for not having earlier sought such relief. Nor did he

offer an explanation for his untimely response in opposition to the defendants' motion for judgment on the pleadings.

The district court denied leave to amend. As to the motion for judgment on the pleadings, the court ruled the Wyoming Constitution did not provide a cause of action and concluded that judgment was proper on the excessive-force claim because the complaint did not give fair notice of the claims against each defendant.[1] Stone appeals these rulings, but he concedes Eleventh Amendment immunity bars his federal claims against the State of Wyoming and defendant Simone, a Wyoming Highway Patrol Officer, in his official capacity. He further concedes the applicable statute of limitations bars his state-law claim of assault and battery.

## II. JUDGMENT ON THE PLEADINGS

We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion to dismiss. *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 2842 (2014). We "will uphold the dismissal only if [plaintiff's] allegations fail to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] In an earlier order, the district court dismissed Stone's § 1983 claims against Laramie County, as well as the § 1983 claims against defendants Lambing, Grashorn, Walkama, and Haukup, in their official capacities as Laramie County Deputy Sheriffs. Stone does not appeal that order.

## A. Wyoming Constitutional Claim

Stone asserts the defendants committed an unreasonable seizure in violation of the Wyoming Constitution, giving rise to a claim for damages. The district court rejected this claim on the ground that Stone presented no authority demonstrating a waiver of governmental immunity.

The Wyoming Governmental Claims Act waives sovereign or governmental immunity only for certain enumerated torts. *Harbel v. Wintermute*, 883 P.2d 359, 363 (Wyo. 1994); *accord State, Dep't of Corr. v. Watts*, 2008 WY 19 ¶ 20, 177 P.3d 793, 798 (Wyo. 2008) ("[T]he general rule in Wyoming is that the government is immune from liability, and, unless a claim falls within one of the statutory exceptions to governmental immunity, it will be barred." (brackets and internal quotation marks omitted)).

Stone relies on Wyo. Stat. § 1-39-112, which states, "[a] governmental entity is liable for damages resulting from tortious conduct of peace officers while acting within the scope of their duties." He contends the Wyoming Constitution's guarantee of the right to be secure against unreasonable seizure provides him a cognizable claim for damages, and an assault and battery by a peace officer is "contextually different" from an assault and battery committed by a non-officer. Aplt. Br. at 40.[2]

The "Claims Act did not create new causes of action against the State of Wyoming, its employees, agencies or political subdivisions; rather, it statutorily affirmed

---

[2]   As noted above, Stone has abandoned on appeal his state-law claim for assault and battery.

the idea that those parties generally enjoy sovereign immunity from civil liability with the exception of certain conduct for which *that immunity is specifically waived*." *Cooney v. Park Cnty.*, 792 P.2d 1287, 1299 (Wyo. 1990), *vacated on other grounds sub nom. Cooney v. White*, 501 U.S. 1201 (1991) (emphasis added). Stone points to no specific waiver of immunity for his claim of "violation of guarantees against unreasonable seizure," Aplt. Br. at 35, nor does he provide any authority for his argument that § 1-39-112 encompasses unconstitutional conduct. Moreover, the Wyoming Supreme Court has held that civil rights claims based on the Wyoming Constitution fail for lack of implementing legislation. *May v. Se. Wyo. Mental Health Ctr.*, 866 P.2d 732, 737 (Wyo. 1993). Because Stone's claim does not fall within one of the statutorily authorized exceptions to governmental immunity, the district court correctly concluded this claim was barred.

## B. § 1983 Claim

Stone also alleged an excessive-force claim under § 1983. He alleged defendant Simone drew his weapon and pointed it at the occupants of the vehicle in which Stone was a passenger. He further alleged an unidentified officer twice fired his Taser at him while he was in the vehicle and that after he got out of the vehicle, he was "assaulted yet a third time with the deputies' taser gun on his back." Aplt. App. at 13. Then "the deputies physically battered and assaulted" him. *Id.* In granting judgment on the pleadings, the district court noted that Stone's complaint did not identify which of the

- 5 -

defendants had committed which acts of allegedly excessive force.[3]  Consequently, the court granted judgment on the pleadings in the defendants' favor.

When alleging § 1983 violations against government actors, a plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (brackets and internal quotation marks omitted).  Here, while Stone used collective terms – *i.e.*, "deputies," "defendants," or "officers," *see* Aplt. App. at 13, he failed to distinguish the acts attributable to each defendant, thus depriving them of the ability to ascertain the particular unconstitutional acts each defendant is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).  Because Stone failed to meet his burden to provide fair notice of the grounds for his claims against each defendant, the district court did not err in granting judgment for defendants on Stone's § 1983 claim.

## III.    DENIAL OF LEAVE TO AMEND

Stone also challenges the district court's denial of his motion to file an amended complaint.  In denying the motion, the district court observed that Stone did not seek leave to amend until after the defendants filed their dispositive motion and nearly a year

---

[3]    The district court recognized that Stone did identify Simone as the officer who had drawn and pointed his handgun.  But the court held that under the circumstances described in the complaint, drawing and pointing a handgun did not support a claim for excessive force.  On appeal, Stone offers no authority to dispute the court's holding.

after Stone filed his original complaint. The court also cited Stone's failure to offer any explanation for his delay in seeking leave to amend, noting that "to allow [Stone's] proposed amended complaint to be considered in response to Defendants' motion [for judgment on the pleadings] would only serve to reward [Stone's] *unexplained* dilatory responses." Aplt. App. at 142 (emphasis added).

We generally review a district court's denial of leave to amend a complaint for abuse of discretion. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 (10th Cir. 2013). "A district court abuses its discretion if its decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). Here, the original complaint had been pending for ten months without an attempt to amend.[4]

"Undue" delay is grounds for denying a motion to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006); *see also Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (affirming denial of motion to amend filed eight months after original complaint). Whether a delay is "undue" depends "primarily on the reason for the delay." *Minter*, 451 F.3d at 1206. As such, "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* (internal quotation marks omitted). Here, Stone offered no explanation whatsoever for his delay in filing the motion to amend. Thus, the district court did not abuse its

---

[4]     It also appears that Stone received the additional information alleged in the proposed amended complaint through the initial disclosures made by defendants approximately three months before Stone filed his motion to amend.

discretion in denying leave to amend.  Because the district court properly denied the motion to amend, we did not consider the proposed amended complaint in reviewing Stone's challenge to the dismissal of his § 1983 claims.

## IV.    CONCLUSION

The judgment of the district court is affirmed.


Entered for the Court


Nancy L. Moritz
Circuit Judge