FILED
United States Court of Appeals
Tenth Circuit

February 7, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID PEREZ,

     Plaintiff - Appellant,

v.

DENVER FIRE DEPARTMENT; CITY
AND COUNTY OF DENVER,

     Defendants - Appellees.

No. 17-1128
(D.C. No. 1:15-CV-00457-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

David Perez, a firefighter with the Denver Fire Department (DFD), alleges that

his supervisor improperly disclosed that he suffers from post-traumatic stress

disorder (PTSD), in violation of the Americans with Disabilities Act (ADA).  Acting

with consent of the parties under 28 U.S.C. § 636(c), the magistrate judge ruled the

supervisor's comments didn't disclose confidential information in violation of the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

ADA and granted summary judgment in favor of the Defendants, DFD and the City and County of Denver. Perez appeals, and we affirm.

## Background

Perez is a Marine veteran who served eight years of active duty, including two combat deployments in Iraq as part of Operation Iraqi Freedom. After being honorably discharged, he sought treatment with the Department of Veterans Affairs (VA) for PTSD. The DFD hired Perez as a full-time firefighter in 2006 and assigned him to Engine Company 9, commanded by Captain Randy Wells.

On August 17, 2011, Perez and members of Engine Company 9 were called to a scene where a truck had fatally run over a young child. Perez became emotionally disturbed because the deceased child was close in age to his own child. On the return to the fire station, Wells asked Perez if he was okay, and Perez responded affirmatively.

Later that day, Perez and his co-workers attended a monthly Emergency Medical Service training session reviewing the use of field tourniquets. The training included pictures and statistics from military combat operations in Iraq and Afghanistan. Upon seeing these images, Perez became visibly upset and walked out of the training session. Wells and another firefighter followed Perez outside and asked him if he was okay. Perez, tearful and crying, responded that he was okay but "needed some time to let things out." Aplt. App. at 13.

Still later that same day, Perez went on a short call and on his return met with Wells and Lieutenant Bob Miller to discuss his mental and emotional state. They

2

discussed whether Perez should go to a medical clinic, stay at work, or go home. Wells said he would keep Perez's emotional reactions that day confidential outside of those on shift. Perez initially intended to remain at work but decided to leave work at 3:00 p.m. after a fellow firefighter suggested he go home "because he realized there was a concern" for him. Aplee. Supp. App. Vol. 1 at 100.

Before he left, Perez called a group meeting of all the firefighters on his shift "to let them know why [he] was going home" because "it was concerning to them about [his] mental status." *Id*. at 80. He told the group he had been in combat and had lost five Marines in his unit; he explained how the day's events—seeing the deceased child and the images of the military field tourniquet training—had stirred memories of these combat losses and resulted in his becoming emotional; and he told them he had sought and was receiving treatment at the VA. Perez doesn't recall telling the group that he suffered from PTSD, but he was "concerned about people thinking that." Supp. App. Vol. 1 at 83.

On August 28, 2011, Wells wrote to Assistant Chief Daniel Garcia requesting that Perez be evaluated for PTSD. Wells based this request on Perez's statements at the August 17 group meeting regarding how his time in Iraq had affected him. In early September 2011, Division Chief of Administration Tony Berumen and Assistant Chief Russ Bray met with Perez and advised him he would need to undergo a fitness-for-duty evaluation. Perez responded that although he suffered from PTSD, he didn't need to be examined because the VA was treating him for that condition. Nevertheless, in late September, Perez underwent a fitness-for-duty evaluation.

3

On October 1, 2011, Wells met with Perez's fellow firefighters and told them Perez suffered from PTSD and that he had requested that Perez be evaluated for PTSD. Wells testified that he never received any information or documentation from anyone in the DFD that Perez suffered from PTSD and that he never saw the fitness-for-duty results. In any event, the DFD received those results on October 10, 2011, and concluded that although Perez experienced symptoms consistent with PTSD, he was fit for duty.

Perez filed this action alleging that Wells' October 1 statement disclosing his PTSD violated the ADA's prohibition on disclosure of confidential medical records. See 42 U.S.C. § 12112(d). Perez also asserted a claim under the Uniformed Services Employment and Reemployment Rights Act (USERRA), which prohibits employers from terminating service members based on their membership in or obligations to the armed services. 38 U.S.C. § 4311(a). The district court granted summary judgment in favor of the defendants on Perez's ADA claim and dismissed his USERRA claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Perez appeals.

**Analysis**

ADA Claim. "We review de novo the district court's grant of summary judgment. Summary judgment should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017) (citations and internal quotation marks omitted). "This court examines the record and all reasonable

4

inferences that might be drawn from it in the light most favorable to the non-moving party." *Id.* (brackets and internal quotation marks omitted).

The ADA permits employers to inquire "into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B). But any information obtained through a voluntary medical examination or inquiry permitted under § 12112(d)(4) must be "treated as a confidential medical record." *Id.* § 12112(d)(3)(B), (d)(4)(C). "Disclosure of confidential information obtained through an authorized medical examination or inquiry . . . constitute[s] a violation of [§ 12112(d)]. . . ." *C.R. England, Inc.*, 644 F.3d at 1046-47. But an employer can't be liable for disclosing medical information that the employee voluntarily disclosed outside of a medical examination. *Id.* at 1047. Rather, to establish a violation of § 12112(d), Perez must prove that the information disclosed was derived from an employment-related medical exam or inquiry. *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1046-47 (10th Cir. 2011).

The magistrate judge concluded that Perez failed to present any evidence that Wells based his August 28 request or his October 1 statement at the firehouse on any information other than inferences he drew from Perez's actions and voluntary disclosures on August 17. Because there was no evidence that Wells disclosed confidential information derived from a medical examination or inquiry in violation § 12112(d), the magistrate judge granted summary judgment in favor of the defendants.

5

On appeal, Perez doesn't dispute that he presented no evidence that Wells based his August 28 letter or his October 1 remarks on any information or disclosures from the fitness-for-duty examination or his admission to Berumen or Bray that he has PTSD. Instead, Perez asserts that circumstantial evidence establishes that Wells based his disclosure on confidential information. But Perez failed to present any of this circumstantial evidence to the magistrate judge, and that failure precludes our consideration of his arguments on appeal. *See Verlo v. Martinez*, 820 F.3d 1113, 1126 (10th Cir. 2016) *(*we won't reverse a grant of summary judgment based on evidence not before the district court); *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court."). *See also* 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."). Because Perez failed to present any admissible evidence indicating the Wells disclosed information in either the August 28 letter or the October meeting that was derived from an employment-related medical exam or inquiry in violation of § 12112(d), we affirm the grant of summary judgment.

Motion to Amend. After dismissing Perez's USERRA claim, the magistrate judge gave him until February 10, 2016, to amend his complaint to cure any defects in his USERRA claim. In addition, the scheduling order set February 10, 2016 as the deadline to amend any pleadings. But Perez failed to file an amended complaint before that deadline.

Instead, on August 22, 2016—one month after the July 14, 2016 close of discovery, and two weeks after his attorney withdrew from representing him—Perez, proceeding pro se, sought leave to amend his complaint. His proposed amendment asserted additional factual allegations and added three claims: defamation, disparate treatment, and USERRA. The magistrate judge denied leave to amend, finding Perez had not shown good cause to file an amended complaint after the scheduling order's February 10 deadline. The court concluded that Perez knew of the facts in the proposed amended complaint before he filed his original complaint in March 2015, and that all of his proposed new claims could have been asserted in his original complaint.

Because Perez filed his motion to amend after the scheduling order deadline, he must demonstrate good cause for modifying the scheduling order. Fed. R. Civ. P. 16(b)(4). *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (good cause standard movant to show that scheduling deadlines can't be met despite the movant's diligent efforts). "Rule 16's good cause requirement may be satisfied . . . if a plaintiff learns new information through discovery" but it is not satisfied "[i]f the plaintiff knew of the underlying conduct but simply failed to raise [the] claims." *Id*. If good cause is not shown under Rule 16(b)(4) to modify the scheduling order, the district court need not consider whether the requirements for leave to amend under Fed. R. Civ. P. 15(a) have been satisfied. *Id*. We afford "wide discretion" to a district court's determination of whether good

cause was shown under Rule 16(b)(4).  *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009).

Perez argues he satisfied this good cause standard because his amendment included a new factual allegation he could not have discovered earlier:  Berumen's July 7, 2016 deposition statement that he "had not had a firefighter be that forthcoming with [him] regarding the specifics of what they experienced in a combat situation." Perez apparently contends that this statement somehow established that he was forced to undergo a fitness-for-duty exam because of combat veteran status.

But Perez's original complaint already asserted a USERRA claim based on the fitness-for-duty evaluation, and Perez could have discovered Berumen's information at the outset.  Moreover, Perez knew about Berumen's statement on July 7, 2016, shortly before the close of discovery, yet he waited six weeks to seek leave to amend. Under these circumstances, the magistrate judge clearly did not abuse his discretion in finding Perez failed to show good cause to amend his petition.

Finally, Perez argues the magistrate judge abused his discretion in denying leave to amend because there is no statute of limitations for a USERRA complaint. This newly raised legal argument bears no relevance to the good-cause inquiry under Rule 16(b)(4).

Affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge

8