FILED
United States Court of Appeals
Tenth Circuit

February 14, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

CHADWICK JORDAN,

　　Plaintiff - Appellant,

v.

DAVID STEWARD,

　　Defendant - Appellee.

No. 24-1116
(D.C. No. 1:19-CV-02660-RM-JPO)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH** and **BALDOCK**, Circuit Judges, and **LUCERO**, Senior Circuit Judge.

_____

Chadwick Jordan, proceeding pro se,[1] appeals the district court's grant of

summary judgment in his 42 U.S.C. § 1983 action against an official with the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Jordan proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

University of Colorado, Denver (UCD).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Mr. Jordan is now serving a 32-year prison sentence in Colorado.  He began serving this sentence in 2022, after he commenced this lawsuit but before the district court entered final judgment dismissing it.  Mr. Jordan sued several UCD officials in their individual and official capacities under § 1983, alleging violations of his procedural due process rights in connection with four student-conduct cases that resulted in his suspension and subsequent expulsion.

Mr. Jordan filed a first, second, and third amended complaint to correct pleading deficiencies the district court identified in each preceding complaint. Unprompted, he also filed a fourth amended complaint, which the district court allowed in part and dismissed in part.  Following a motion to dismiss, the court dismissed all claims against all defendants save for one.  The district court declined to dismiss a single claim alleging a procedural due process violation against Dr. David Steward, the UCD Director of Student Conduct and Community Standards who made the decision to suspend and then expel Mr. Jordan.  This single remaining claim revolved around the allegation that Dr. Steward was unconstitutionally biased in the two most recent student-conduct cases against Mr. Jordan.

Dr. Steward answered the complaint, and Mr. Jordan moved to amend it again. Mr. Jordan's proposed fifth amended complaint reasserted many of the since-dismissed claims against many of the since-dismissed defendants.  Following

2

the recommendation of a magistrate judge, the district court denied the motion to amend for untimeliness and futility. Dr. Steward filed a motion for summary judgment, and Mr. Jordan filed a cross-motion for summary judgment. But, although the parties fully briefed Mr. Jordan's cross-motion, Mr. Jordan never filed a formal response to Dr. Steward's motion for summary judgment.

Initially, the district court entered a minute order striking Dr. Steward's summary judgment motion for "failure to provide a separate statement of undisputed material facts as required by Judge Raymond P. Moore's Civil Practice Standards (Section IV.C.2 and Exhibits 1 & 2)." R. vol. 1 at 15. But, later the same day, the court entered another minute order stating: "This matter is before the Court sua sponte. In light of Plaintiff's status as a pro se prisoner, the Court accepts Defendant's Motion for Summary Judgment as filed." *Id.* at 16.

The district court granted the Dr. Steward's motion for summary judgment, concluding UCD afforded Mr. Jordan all the process he was due before it expelled him. The court's summary judgment order liberally construed all of Mr. Jordan's pleadings and submissions—including those he submitted in support of his own motion for summary judgment—in an effort to determine whether there still existed a viable claim of decisionmaker bias that would amount to a Fourteenth Amendment procedural due process violation. But the court concluded there did not. The district court entered final judgment, and this appeal followed.

### DISCUSSION

Mr. Jordan raises two issues on appeal.  First, he argues the district court's "minute order did not overrule [its prior] order [striking Dr. Steward's motion for summary judgment], and courts should liberally construe pro se pleadings only." Aplt. Opening Br. at 1 (capitalization omitted).  Second, he argues the district court "should not [have] denied [his] fifth [motion for leave to amend his complaint.]" *Id.* at 3 (capitalization omitted).  Mr. Jordan does not challenge the merits of the underlying summary judgment order.

We reject the first argument.  The district court's minute order very clearly reversed the preceding minute order that struck Dr. Steward's motion, and the court did not abuse its discretion when it entered an order correctly applying its own rules.

The court initially struck Dr. Steward's motion for summary judgment the motion based on its mistaken conclusion that it did not comply with section IV.C.2 of the court's practice standards.  But section IV.C.2.k of the court's practice standards stated cases with pro se prisoners "are exempt from" the requirements of section IV.C.2, and Mr. Jordan was a pro se prisoner at the time Dr. Steward filed the motion., so the court's second minute order corrected the erroneous first minute order.  "Although a district court's local rules of practice are technically binding on both the court and the parties, considerable deference is accorded to the court's interpretation and application of its own rules of practice and procedure." *Bylin v. Billings*, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009) (internal quotation marks and brackets omitted).  Mr. Jordan offers no reason to conclude, and we see none, that the

4

district court's prompt, sua sponte reversal of its own initial erroneous order runs afoul of the "considerable deference" it is due in interpreting and applying its own rules of practice and procedure. *Id.*

We reject the second argument because the district court acted within its discretion when it denied Mr. Jordan's motion for leave to amend his complaint for a fifth time. "This court reviews the decision of the district court to deny leave to amend for abuse of discretion." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

Mr. Jordan filed the motion for leave to file a fifth amended complaint over three years after he first initiated suit. He did not explain to the district court—nor does he satisfactorily argue to this court—how the allegations he raised in the proposed fifth amended complaint came from newly discovered information. Neither does he articulate how the allegations in the proposed fifth amended complaint would cure the deficiencies the district court identified in its prior dismissal orders. And he does not challenge those dismissal orders on appeal. Under these circumstances, we discern no abuse of discretion.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Carlos F. Lucero
Circuit Judge