3 F.3d 353
 In re OCEAN MARINE MUTUAL PROTECTION AND INDEMNITY
ASSOCIATION, LTD., Robert Davis, d/b/a Davis
Marine Insurance Agency, and Marimar
Marine Industries, Inc., Petitioners.
 No. 93-4639.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 15, 1993.
 
 David S. Batcheller, Miami, FL, for Ocean Marine and Davis.
 Robert M. Mayer, Miami, FL, for Davis.
 Sharon L. Wolfe, Co-Counsel, Miami, FL, for Deras.
 On Petition for Writ of Mandamus or on Petition for Writ of Prohibition to the United States District Court for the Southern District of Florida.
 Before EDMONDSON, COX and CARNES, Circuit Judges.
 PER CURIAM:
 
 FACTS AND PROCEDURAL HISTORY
 
 1
 Ricardo Deras filed an action in Florida state court in 1989 against Ocean Marine Mutual Protection and Indemnity Association, Ltd., a British insurer ("Ocean Marine"), Robert Davis, and Marimar Marine Industries, Inc. ("Marimar"). Deras' claims against Ocean Marine are based on an insurance agreement; the claims against Davis and Marimar allege negligence for failure to obtain adequate insurance coverage. In December 1991, Deras obtained a default judgment against Ocean Marine, which never answered his complaint. In May 1992, Marimar asserted that the case fell under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards[1] and removed it to federal court pursuant to 9 U.S.C. Sec. 205 (1988).
 
 
 2
 Deras then filed a timely motion to remand the case to state court. Deras contended that the action did not fall under the New York Convention and that Marimar had failed to follow proper removal procedure because all of the defendants did not join in removal as required by 28 U.S.C. Sec. 1446(a) (1988). Davis subsequently joined in the petition for removal, and Ocean Marine filed a special appearance consenting to removal.
 
 
 3
 In March 1993, the district court granted Deras' motion to remand "for Defendants' failure to comply with Sec. 1446(a) and (b)." (Order of Remand at 1). To support its decision, the district court cited, among other cases, Wilson v. Ocean Marine Mut. Protection & Indem. Ass'n, No. 92-1505-CIV-NESBITT (S.D.Fla. Aug. 4, 1992), vacated, Oct. 16, 1992, reinstated, Jan. 7, 1993 (concluding that 9 U.S.C. Sec. 205 retains the Sec. 1446(b) thirty-day time limit for filing notice of removal) and Woods v. Firestone Tire & Rubber Co., 560 F.Supp. 588 (S.D.Fla.1983) (holding that all defendants must join in the notice of removal).
 
 DISCUSSION
 
 4
 The defendants (petitioners) seek a writ of mandamus, or alternatively a writ of prohibition, directing the district court to vacate its Order of Remand. Deras responds that, pursuant to 28 U.S.C. Sec. 1447(d) (1988),[2] the district court's remand order is not reviewable on mandamus. Because we conclude that Sec. 1447(d) precludes our review of the district court's remand order, we dismiss the petition for lack of jurisdiction.
 
 
 5
 By its terms, Sec. 1447(d) appears to proscribe any review of remand orders. In Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), however, the Supreme Court held that Sec. 1447(d) only prohibited review of remand orders issued pursuant to 28 U.S.C. Sec. 1447(c). When Thermtron was decided, Sec. 1447(c) provided for remand of cases that had been removed "improvidently and without jurisdiction." 423 U.S. at 342, 96 S.Ct. at 589. Remands based on considerations outside Sec. 1447(c), e.g., a crowded docket, were an exception to Sec. 1447(d) and remained subject to review on mandamus. Id. at 344-45, 96 S.Ct. at 590.
 
 
 6
 In 1988, Congress amended Sec. 1447(c) to read:
 
 
 7
 A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....
 
 
 8
 28 U.S.C. Sec. 1447(c) (1988). While it was generally accepted that cases remanded for lack of subject matter jurisdiction remained immune from review after the 1988 amendment, see, e.g., Harris v. Blue Cross/Blue Shield of Ala., 951 F.2d 325, 326-27 (11th Cir.1992), the status of cases remanded for defects in removal procedure was less certain. See McDermott Int'l v. Lloyds Underwriters of London, 944 F.2d 1199, 1201 (5th Cir.1991). The reviewability of a remand order based on a timely Sec. 1447(c) motion to remand for defects in removal procedure is an issue of first impression in this circuit.
 
 
 9
 Two other circuits have addressed this issue, however, concluding that Sec. 1447(d) precludes review of an order of remand based upon a timely Sec. 1447(c) motion to remand for defects in removal procedure. In re Medscope Marine Ltd., 972 F.2d 107 (5th Cir.1992); Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 50 (3d Cir.1993); see also Creekmore v. Food Lion, Inc., 797 F.Supp. 505 (E.D.Va.1992). We find these circuits' reasoning persuasive and agree that a remand order based on a timely Sec. 1447(c) motion to remand for defects in removal procedure is unreviewable pursuant to Sec. 1447(d).[3]
 
 
 10
 In this case the district court remanded the action after Deras filed a timely motion alleging inapplicability of the New York Convention and defects in the removal procedure employed by the defendants. The court premised its decision on the defendants' failure to comply with Sec. 1446(a) and (b), citing cases which held that all defendants must join the notice of removal under Sec. 1446(a) within thirty days of the time when the case becomes removable under Sec. 1446(b). The procedural requirements of Sec. 1446(a) and (b) are generally applicable to a removal under the New York Convention, because 9 U.S.C. Sec. 205 provides that "[t]he procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." See In re Amoco Petroleum Additives Co., 964 F.2d 706, 712 (7th Cir.1992). Failure to comply with Sec. 1446(a) and (b) constitutes a defect in removal procedure within the meaning of Sec. 1447(c). See Wilson v. General Motors Corp., 888 F.2d 779, 781 n. 1 (11th Cir.1989).
 
 
 11
 The district court's remand order is based upon a timely Sec. 1447(c) motion to remand for defects in removal procedure.[4] Therefore the remand order, "whether erroneous or not," is not subject to review in this court pursuant to Sec. 1447(d). Thermtron, 423 U.S. at 343, 96 S.Ct. at 589. Because the district court's order is not subject to review, we do not reach the question of the applicability of the New York Convention to Deras' state court action or the question of defendants' joinder; we state no opinion as to the correctness of the district court's conclusion that 9 U.S.C. Sec. 205 retains the thirty-day time limit of Sec. 1446(b) for the same reason.
 
 
 12
 The defendants' application for a writ of mandamus, or alternatively a writ of prohibition, is dismissed for lack of jurisdiction.
 
 
 
 [1]
 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, reprinted following 9 U.S.C.A. Sec. 201 (West Supp.1993) [hereinafter New York Convention]
 
 
 [2]
 28 U.S.C. Sec. 1447(d) (1988) provides:
 An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.
 This case was not removed pursuant to Sec. 1443, which provides for the removal of civil rights cases.
 
 
 [3]
 It may be that an order of remand based on an untimely motion to remand for defects in removal procedure is reviewable on mandamus. See In re Shell Oil Co., 932 F.2d 1518 (5th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); Air-Shields, Inc. v. Fullam, 891 F.2d 63 (3d Cir.1989). Because Deras' motion was timely, we need not address the reviewability of a remand order based on an untimely motion to remand for defects in removal procedure
 
 
 [4]
 We have previously stated that "[s]ection 1447(c)'s application is ... limited to cases removed from state court pursuant to section 1441(a)." In re Federal Sav. & Loan Ins. Corp., 837 F.2d 432, 436 (11th Cir.1988). We made this statement in a case removed under 12 U.S.C. Sec. 1730(k)(1) (1988), which authorizes the FSLIC to remove to federal court when acting as the receiver of a federal savings and loan association; it is dictum as to cases removed under other statutes. Moreover, our statement has been criticized as conflicting with the Supreme Court's decision in United States v. Rice, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946). See In re TMI Litig. Cases Consol. II, 940 F.2d 832, 838-39 n. 4 (3d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1262, 117 L.Ed.2d 491 (1992); Federal Sav. & Loan Ins. Corp. v. Frumenti Dev. Corp., 857 F.2d 665 (9th Cir.1988)