[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-13535

_____

D. C. Docket No. 02-20039-CV-DLG

ARIEL S. VELCHEZ,

Plaintiff-Appellee,

versus

CARNIVAL CORPORATION,
a.k.a. Carnival Cruise Lines,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 29, 2003)**

Before BIRCH, CARNES and BRUNETTI*, Circuit Judges.

_____
*Honorable Melvin Brunetti, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

CARNES, Circuit Judge:

Ariel Velchez formerly worked as a seaman on board a vessel owned by Carnival. He was employed under the terms of a standard Philippine Overseas Employment Administration contract, which includes a clause requiring claims and disputes to be resolved through an established "grievance machinery." Velchez served Carnival with a summons and complaint he had filed in state court. The complaint asserted claims for negligence under the Jones Act, unseaworthiness, failure to provide maintenance and cure, and failure to treat, and it sought damages for injuries Velchez allegedly sustained while employed on the ship.

Some nineteen months after Velchez filed suit, Carnival filed a notice of removal in the United States District Court for the Southern District of Florida. The notice of removal took the position that because Velchez was working under an arbitration agreement which fell under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, removal was proper under 9 U.S.C. § 205. Following removal, Velchez moved the district court to remand the action to state court, arguing among other things that Carnival's notice of removal was procedurally flawed. The district court agreed and granted Velchez's motion.

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C.

2

§ 1447(d).[1] So if that section applies to this case, we are without jurisdiction and have no choice but to dismiss the appeal. Carnival, of course, insists that the section does not apply, while Velchez insists that it does.

In In re Ocean Marine Mutual Protection & Indemnity Ass'n, 3 F.3d 353 (11th Cir. 1993), we applied § 1447(d) and held that any remand order based on a timely § 1447(c) motion to remand for procedural defects in the removal is unreviewable. Id. at 355. In his amended motion for remand, Velchez asserted that Carnival had failed to meet the procedural requirements of 28 U.S.C. § 1446, and more specifically, that it had failed to attach "a copy of all process, pleadings, and orders served" as required by § 1446(a). Because failure to comply with § 1446(a) constitutes a defect in removal procedure within the meaning of § 1447(c), see Ocean Marine, 3 F.3d at 356, Velchez's motion was a timely § 1447(c) motion for remand based on procedural defects in removal. It follows that we lack jurisdiction over this appeal. None of Carnival's arguments to the contrary persuade us.

One of those arguments is that 9 U.S.C. § 205, the provision under which Carnival had removed the case, does not incorporate the procedural requirements

---

[1]The statute expressly includes an exception for certain civil rights cases, 28 U.S.C. § 1447(d), which is not relevant here.

of § 1446.[2]  We have never squarely addressed that issue in this circuit, and we cannot today because "the remand order, 'whether erroneous or not,' is not subject to review in this court . . . ."  Ocean Marine, 3 F.3d at 356 (quoting Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343, 96 S. Ct. 584, 589 (1976)) (emphasis added).  Thus, even if we were convinced that Carnival is correct and that the district court's decision is wrong, we are precluded by § 1447(d) from doing anything about it because the district court's action, right or wrong, was based on a timely § 1447(c) motion.[3]

Carnival's response to that problem with its position is to contest the proposition that the district court's remand was based upon a § 1447(c) motion.  If the remand based upon procedural defects in the removal had been ordered sua

---

[2]Section 205 says that:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply . . . .

9 U.S.C. § 205 (emphasis added).  Section 1446(b) requires a notice of removal to be filed within thirty days after the defendant receives the pleading, 28 U.S.C. § 1446(b), and Carnival waited much longer than that.  The district court's remand order was based on Carnival's failure to comply with that time limit.

[3]As in our Ocean Marine decision, in this case "we state no opinion as to the correctness of the district court's conclusion that 9 U.S.C. § 205 retains the thirty-day time limit of § 1446(b)."  Ocean Marine, 3 F.3d at 356.

4

sponte, as Carnival argues, then we would not lack jurisdiction. Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc., 254 F.3d 1317, 1319 (11th Cir. 2001). The law disfavors court meddling with removals based upon procedural – as distinguished from jurisdictional – defects, because "[w]e . . . recognize that a plaintiff may acquiesce to federal jurisdiction, and forgive any of the defendant's procedural errors in removing the case." Id. at 1321. Allowing district courts to remand cases on their own because of procedural defects would remove a plaintiff's ability to acquiesce in a procedural problem that may not be bothersome to the plaintiff, thereby depriving both sides of their preferred forum. Id. at 1320. As the Seventh Circuit has observed, to avoid extending a dispute, a district court should wait for a motion for remand, because "the plaintiff may forgive the procedural defect and accept the defendant's preference for a federal forum." In re Continental Cas. Co., 29 F.3d 292, 295 (7th Cir. 1994).

Carnival's contention that the district court essentially acted on its own to send the case back to state court because of a procedural defect in removal rests entirely upon the fact that the district court granted Velchez's remand motion on the basis of a different procedural defect than the motion specified. The procedural objection in Velchez's motion was based on Carnival's asserted failure to attach certain documents to its removal notice, as required by § 1446(a). The district

court granted the motion to remand on the different basis, never asserted by Velchez, that Carnival had failed to comply with the requirement of § 1446(b) that the removal notice be filed within thirty days of the defendant's receipt of the initial pleading.

This is really the issue upon which this appeal turns: Does a remand order based upon a procedural defect different from the one asserted in the remand motion filed by a party amount to a sua sponte order over which we have appellate jurisdiction? Sua sponte means "[w]ithout prompting or suggestion; on its own motion." Black's Law Dictionary 1437 (7th ed. 1999). That dictionary definition of sua sponte does not fit these circumstances, because the court was prompted by Velchez to remand. The court stated in its order that "it is, ORDERED AND ADJUDGED that Plaintiff's Motion to Remand is GRANTED." Order at 3.

Of equal or greater importance is the purpose behind the distinction. When a party moves for remand, as Velchez did, that party wants to go back to state court. The motion establishes that the moving party does not want to acquiesce in the federal forum despite any procedural defects. The concern we expressed in Whole Health Chiropractic that a sua sponte remand might "deprive both sides of their preferred forum" and stand in the way of a non-moving party who wanted to "acquiesce to federal jurisdiction, and forgive any of the defendant's procedural

6

errors in removing the case," 254 F.3d at 1320, 1321, is baseless in this situation.

We decline to extend a rule to circumstances in which the basis for it does not

exist.

APPEAL DISMISSED FOR LACK OF JURISDICTION.