[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14923
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-01491-CV-ORL-31UAM

JACQUELINE M. EPARVIER,

Plaintiff-Appellee,

versus

FORTIS INSURANCE COMPANY,
a.k.a. Time Insurance Company,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 3, 2008)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

## I.  OVERVIEW

This appeal raises jurisdictional questions regarding the propriety of the district

court's *sua sponte* remand of the case to state court based on a perceived procedural

defect. We exercise our appellate jurisdiction and hold that the district court improperly remanded the case.

## II.  FACTS AND PROCEDURAL HISTORY

On December 1, 2004, Plaintiff Jacqueline M. Eparvier filed a complaint in the Circuit Court of Orange County, Florida, against Defendant Fortis Insurance Company ("Fortis"), seeking damages for breach of contract, a declaratory judgment, and attorney's fees for Fortis's failure to pay medical benefits to Eparvier. The case settled in March 2006, mooting all Eparvier's claims except her claim for attorney's fees. On April 3, 2006, Eparvier filed a motion for leave to amend her complaint to assert additional claims against Fortis for fraud in the inducement, fraud, reformation, and bad faith. Fortis objected, and the court denied Eparvier's motion. On May 23, 2007, Eparvier filed a second motion for leave to amend her complaint to assert the same proposed additional claims, in addition to breach of fiduciary duty and civil conspiracy. On August 30, 2007, the court granted her motion for leave to amend her complaint. Fortis filed a notice of removal on September 18, 2007, with the United States District Court for the Middle District of Florida.[1]

On October 1, 2007, the district court issued an Order to Show Cause as to why Fortis did not remove the case within thirty days of May 23, 2007, the date on which

---

[1] Fortis filed a Motion to Dismiss Eparvier's complaint on September 19, 2007. (R.1-6.)

Eparvier filed a motion for leave to amend her complaint. Fortis timely filed its response to this order on October 12, 2007, arguing that the thirty-day time period for removal did not commence until August 30, 2007, when the state court granted Eparvier's second motion for leave to amend her complaint. On October 15, 2007, the district court entered a *sua sponte* order, remanding the case to state court based on Fortis's perceived untimely removal ("the Remand Order").[2] Fortis timely filed a Notice of Appeal.

## III. CONTENTIONS OF THE PARTIES

Eparvier contends that we do not have jurisdiction over this appeal, because we generally have no appellate jurisdiction over remand orders. She says that the Remand Order was not *sua sponte*, since she had already given Fortis and the court notice that she intended to object to removal. And, Eparvier argues that Fortis's notice of removal was untimely because (1) Fortis waived the right to remove the case, because it has always been removable, (2) Fortis removed the case more than one year after it commenced, (3) Fortis's right to remove was not revived, and (4) even if Fortis's right to remove had been revived, Fortis's motion to remove was untimely because it was filed more than thirty days of Fortis being served with

---

[2]On October 18, 2007, Eparvier filed a Motion to Remand, which the district court ruled was moot in light of its October 15, 2007 Remand Order. (R.2-28.)

Eparvier's motion to amend her state court complaint. Eparvier further argues that, if we determine that we do have appellate jurisdiction, the appropriate action is to vacate the order on review and remand with the instruction that the district court decide the remand issue on full briefing by the parties.

Fortis contends that we should exercise jurisdiction over this appeal and reverse the Remand Order because it was made *sua sponte* and was based on a perceived procedural defect. Fortis argues that it timely filed its notice of removal.

## IV. DISCUSSION

### A. Appellate Jurisdiction

As a threshold matter, we must determine whether we possess appellate jurisdiction to review the district court's Remand Order. We review de novo a district court's decision to remand a case following removal. *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1289 (11th Cir. 2000), *abrogated on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007). Generally, we cannot review a district court's remand order: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d).

A case which has been removed may be remanded to state court because of a procedural defect in the removal process: "A motion to remand the case on the basis

4

of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). Section 1447(c) contemplates remand based on a motion, not based on the *sua sponte* order of the district court.

The Supreme Court has held that §§ 1447(c) and (d) must be construed together. *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345, 96 S. Ct. 584, 590 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S. Ct. 1712 (1996). This means that "only remand orders issued under § 1447(c) and invoking the grounds specified therein–that removal was improvident and without jurisdiction–are immune from review under § 1447(d)." *Id.* at 346, 96 S. Ct. at 590.

"[A] remand order is reviewable if and only if it is openly based on grounds other than (1) lack of district court subject matter jurisdiction; or (2) a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure." *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997). "[T]he district court must wait for a party's motion before remanding a case based on procedural defect." *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001).

5

"§ 1447(c) does not authorize *any sua sponte* remand order not based on subject matter jurisdiction—even if made within the thirty day period. . . ." *Id.* at 1319.

Eparvier attempts to distinguish *Whole Health*, arguing that the reason the *Whole Health* court exercised appellate jurisdiction was because allowing the district court to remand *sua sponte* would prevent the plaintiff from acquiescing in federal jurisdiction. Eparvier argues that she gave Fortis and the court notice of her intent to file a motion to remand when she filed her Motion for Extension of Time to Oppose Defendant's Motion to Dismiss: "Plaintiff . . . advises the Court and Defendant . . . of her intent to timely file a motion to remand this matter . . . Plaintiff intends to file her own motion to remand this matter as having been improvidently removed from state court." (R.2-20 at 1-2.)

Eparvier cites *Velchez v. Carnival Corp.*, 331 F.3d 1207 (11th Cir. 2003), to support her position that *Whole Health* does not apply here. In *Velchez*, the district court remanded a case based on an entirely different rationale than the one advanced in the plaintiff's motion to remand. We held that *Whole Health* was inapplicable, because (1) the remand order was not *sua sponte* ("dictionary definition of *sua sponte* does not fit these circumstances, because the court was prompted by Velchez to remand"), and (2) there was no doubt that the plaintiff did not acquiesce in federal jurisdiction. *Id.* at 1210.

*Velchez* does not limit our appellate jurisdiction in this case. Here, unlike in *Velchez*, Eparvier did not file a motion to remand prior to the Remand Order. And, *Velchez* held that the district court's remand order was not *sua sponte* because Velchez's motion to remand "prompted" the court to remand. There was no such "prompting" here. The district court remanded without a motion from Eparvier. The court's action therefore falls within *Velchez*'s meaning of "*sua sponte*."

The district court remanded this case *sua sponte*, based on a perceived procedural defect. This falls squarely within *Whole Health*. Because we decide that we have jurisdiction over this appeal, we proceed to examine the merits of the Remand Order.

## B. Remand Order

When we can exercise appellate jurisdiction over a district court's remand order, we review it de novo. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004).

After removal, the district court issued an Order to Show Cause, on its "own initiative," as to why it should not remand the case (R.1-15 at 1.) The court assumed that "the time for removal was revived when the amended complaint was filed on May 23, 2007" and stated that "even if this Court were to find that Defendant's time for removal was revived with the filing of Plaintiff's amended complaint, Defendant

7

did not remove this action within 30 days of May 23, 2007."[3] (*Id.*) However, May 23 was the date of Eparvier's motion for leave to file her amended complaint. Eparvier's motion was granted on August 30, and the amended complaint was also filed on August 30, fewer than thirty days before Fortis's notice of removal. The district court's Order to Show Cause was based on the false premise that Fortis's time for removal may have been revived on May 23, rather than August 30.[4]

Fortis addressed the district court's concerns in its Response to the Order to Show Cause. Fortis contended that the thirty-day time period for removal did not begin to run until August 30, and that retaining federal jurisdiction would not waste judicial resources.

The district court remanded the case to state court. (R.2-23.) While acknowledging that "[t]here appears to be no debate that this case meets the requirements of diversity jurisdiction under 28 U.S.C. § 1332", the court stated that "because this case was filed almost three years ago, the timeliness of Defendant's removal is in question." (*Id.* at 3.) The court acknowledged Fortis's argument that August 30 was the proper date from which to measure the thirty-day removal

---

[3] 28 U.S.C. § 1446(b) requires that a case be removed within thirty days after the time at which it may be first ascertained "that the case is one which is or has become removable."

[4] The court added that removal "would require duplication of all the efforts already undertaken by the state court judge." (R.1-15 at 2.)

window, but it did not address the merits of this argument. All the court did address was Fortis's argument that *Lahey v. State Farm Mut. Auto. Ins. Co.*, No. 08-06-CV-1949-T27-TBM, 2007 WL 2029334 (M.D. Fla. July 11, 2007), applies.[5] The court distinguished *Lahey* by pointing out that, in that case, the original action had been resolved. In this case, the original action was still pending (specifically, the motion for attorney's fees). Finally, the district court said that "all doubts regarding the propriety of removal should be resolved in favor of remand" and that removal "would result in a very inefficient use of judicial resources." (R.2-23 at 4.)

On this appeal, we only address the Remand Order. The Remand Order is grounded upon two conclusions: first, that "removal jurisdiction [is] suspect due to the timing of removal," and second, that removal "would result in a very inefficient use of judicial resources." (R.2-23 at 4.) Neither conclusion adequately supports remand. To say that jurisdiction is "suspect" only suggests that there is a jurisdictional question that should be decided. The court did not decide it. And, concerns about judicial efficiency do not support remand.

The district court did not remand this case based on the rationale suggested in its Order to Show Cause. Nor did the court address Fortis's main contention, that the

---

[5] *Lahey* held that a case becomes removable when the state court grants a plaintiff's motion to amend, and never sooner. Fortis cited more than a dozen cases supporting this position, but the district court only mentioned *Lahey*.

9

thirty-day window to remove was revived on August 30. *Whole Health* informs today's decision: "We hold that the district court exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process without waiting for a party's motion." 254 F.3d at 1321. Eparvier argues that Fortis waived its argument that remand was an inappropriate *sua sponte* act, because it did not argue this to the district court. We reject this contention. The district court's Order to Show Cause only asked Fortis to address the substantive legal issue of why it did not file its notice of removal within thirty days of May 23. Fortis squarely addressed this issue, and need not have assumed that the district court would improperly enter a *sua sponte* order.

We decline to address any of the arguments advanced on this appeal in support of remand to state court, preferring that the district court address in the first instance Eparvier's motion to remand.

## V. CONCLUSION

We vacate the Remand Order and remand to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.