Lisa HILL, individually and on behalf of all those similarly situated, Plaintiff–Appellee,

v.

NATIONAL INSURANCE UNDER-WRITERS, INC., Direct General Insurance Agency, Inc., Defendants–Appellants.

No. 15–14967
Non-argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 14, 2016.

Lisa Hill, individually and on behalf of those Similarly Situated, Clark & Martino, PA, Tampa, FL, pro se.

Courtney Rebecca Brewer, John Stewart Mills, The Mills Firm, Tallahassee, FL,

Kerry C. McGuinn, Jr., Rywant Alvarez Jones Russo & Guyton, PA, Tampa, FL, David Joseph Sales, David J. Sales, PA, Jupiter, FL, Edward H. Zebersky, Zebersky & Payne, LLP, Fort Lauderdale, FL, for Plaintiff–Appellee.

Helaina Bardunias, Hackleman Olive & Judd, PA, Fort Lauderdale, FL Lawrence Hugh Kunin, Lewis E. Hassett, Brian Joel Levy, Morris Manning & Martin, LLP, Atlanta, GA, for Defendant–Appellant.

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

JULIE CARNES, Circuit Judge:

Defendants National Insurance Underwriters, Inc. ("NIU") and Direct General Insurance Agency, Inc. ("Direct General") appeal the district court's decision to remand this case to a Florida state court based on the "local-controversy" exception of the Class Action Fairness Act ("CAFA"), Pub. L. No. 109–2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.). Plaintiff Lisa Hill argues that this Court lacks jurisdiction to consider the appeal, but that even if we did, the district court correctly ruled that the local-controversy exception applies and therefore properly remanded the case. After careful review of the record and the parties' briefs, we conclude that we have jurisdiction over the appeal, and we further hold that the district court failed to apply the correct legal standard in evaluating the merits of Plaintiff's motion to remand. Accordingly, we vacate the district court's order and remand for further proceedings.

## I. Background

### A. Factual Background

Prior to filing the present action, class counsel for Plaintiff filed a class complaint in Florida state court against Direct General, as well as other "local" Florida defendants, claiming that class members had been sold worthless surplus automobile insurance and seeking damages. Based on CAFA, the defendants in *Lemy v. Direct General Finance Co.*, No. 8:11–cv–2722–T–23AEP (M.D.Fla.), removed the case to the Middle District of Florida and the plaintiffs then moved to remand the case to state court, citing the "local-controversy exception" to CAFA. The district court ("the *Lemy* court") denied the motion to remand, finding that the plaintiffs had not shown that the local defendants' conduct formed a significant basis for the action at issue nor that the plaintiffs sought significant relief against these defendants—both of which showings are necessary for the exception to apply. Ultimately, the *Lemy* court dismissed with prejudice the complaint, concluding that the plaintiffs had failed to state a claim. *See Lemy v. Direct Gen. Fin. Co.*, 885 F.Supp.2d 1265 (M.D.Fla.2012) and 884 F.Supp.2d 1236 (M.D.Fla.2012). We affirmed both decisions. *Lemy v. Direct Gen. Fin. Co.*, 559 Fed.Appx. 796 (11th Cir.2014).

On November 16, 2012, a few months after the *Lemy* court had denied the plaintiffs' motion for reconsideration, class counsel filed a second putative class action, this time in the Seventeenth Judicial Circuit in Broward County, Florida, and named as defendants two of the defendants in *Lemy*: Direct General and NIU. Plaintiff alleges that NIU, a Florida corporation, markets insurance products to insurance companies and agencies in Florida, which then sell the policies to the public. One such insurance agency is Direct General, a Tennessee corporation that sells automobile insurance policies to Florida citizens.

Plaintiff alleges that she purchased two insurance products from Direct General:

(1) a personal injury protection and property damage ("PIP/PD") automobile insurance policy and (2) Accident Medical Protection ("AMP"), an ancillary insurance product underwritten by Certain Underwriters at Lloyd's, London. The State of Florida requires that automobile owners purchase "minimum financial responsibility" PIP/PD insurance in order to legally operate their vehicles on Florida roads. According to Plaintiff, NIU and Direct General worked together to use a customer's purchase of this required "minimum financial responsibility" PIP/PD insurance as an opportunity to sell the customer ancillary insurance products, such as AMP. NIU was the producing agent for the sale of the AMP policies, but Direct General, as the insurance agent, sold the policies through its offices. Direct General was therefore a fiduciary for its insureds.

Plaintiff does not argue that there was anything unlawful or defective about the insurance products themselves; instead she focuses on "the manner in which these products were sold." Specifically, Direct General allegedly accepted $25 policy fees, in addition to commissions, for the sale of PIP/PD insurance policies. Moreover, Direct General accepted commissions that were well in excess of Lloyd's standard rates and terms for the AMP policies it sold. And each year an AMP policy was renewed, the insured was charged a $25 policy fee. The $25 policy fees on both these insurance products were charged in breach of the contracts between Direct General and its customers.

Plaintiff accuses NIU of "aid[ing] and abett[ing] Direct General in the latter's violation of its insureds' loyalty and trust, and/or ... charg[ing] an unlawful policy fee for the AMP policy in violation of Florida law." Elsewhere in her complaint, Plaintiff alleges that NIU accepted as compensation a $25 policy fee for each ancillary insurance product, which she believes NIU was not permitted to charge or collect under Florida law. At bottom, Plaintiff accuses Defendants of wrongfully charging policy fees and accepting commissions for both PIP/PD and AMP insurance policies.

Based on the above allegations, Plaintiff sues Direct General for breach of contract (Count II) and breach of fiduciary duty (Count III). She seeks a judgment declaring that NIU cannot charge or accept the AMP fee and must return all such fees charged or accepted (Count I). Other claims against NIU include breach of contract (Count V), breach of the implied covenant of good faith and fair dealing (Count VI), and breach of fiduciary duty (Count VII)—all premised on vicarious liability—as well as a claim of aiding and abetting Direct General's breach of fiduciary duty (Count VIII).

Plaintiff purports to represent two classes, which are defined as follows in her complaint:

a. The PIP/PD Class. All Florida citizens that purchased PIP/PD insurance policies through Direct General in the five-year period before the complaint was filed ("the Class Period") under which Direct General charged a yearly $25 "policy fee."

b. The Ancillary Product Class. All Florida citizens that purchased an Ancillary Insurance Product underwritten by Certain Underwriters at Lloyd's, London from Direct General during the Class Period who have not made a claim under any of the ancillary products.

## B. Procedural Background

On December 17, 2012, Direct General timely removed this action to federal court pursuant to CAFA. Under CAFA, federal courts have original jurisdiction over class

actions in which there is minimal diversity—which is satisfied if at least one plaintiff and one defendant are from different states—and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). Nevertheless, if a case is truly local in nature, as defined by CAFA, "[a] district court shall decline to exercise jurisdiction." § 1332(d)(4). As discussed in more detail in Part III, for the "local-controversy" exception to apply: (1) at least one defendant must be a citizen of the forum state, (2) the plaintiff class must seek "significant relief" from that defendant, (3) the local defendant's conduct must form a "significant basis" for the claims asserted, and (4) no other class action based on the same or similar factual allegations can have been filed against any defendant in the past three years. *See* § 1332(d)(4)(A)(i)(II), (d)(4)(A)(ii).

After Direct General removed this action to federal court, Plaintiff moved to remand under the local-controversy exception. In her response to NIU's motion for an extension of time to respond to the motion to remand, Plaintiff observed that NIU was not even entitled to respond because it had not joined the notice of removal. Nonetheless, Plaintiff did not oppose an extension nor did she move to remand on this ground.

A couple of weeks later, the district court issued an order remanding the case to state court. But instead of granting Plaintiff's motion, or even mentioning the ground that Plaintiff had asserted in her motion (the local-controversy exception), the court characterized its order as being issued *sua sponte* and based the remand on another reason altogether. Specifically, the court cited the general requirement that all defendants must consent to removal, *see Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir.2001), and remanded the action to state court

because NIU had not joined in the removal.

The next day, Direct General filed an emergency motion for reconsideration, explaining to the court that CAFA permits "remov[al] by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1196 (11th Cir.2007) (finding that "one defendant may remove the entire action, including claims against all defendants"). The day after Direct General's emergency motion, the district court vacated its *sua sponte* remand order, leaving pending Plaintiff's motion to remand based on the local-controversy exception.

In that motion, Plaintiff argued that she met the "significant relief" prong of the local-controversy exception because, according to her calculations, over 65% of the class members had claims against NIU (the Florida defendant) accounting for 81% of the total damages in the case. NIU's conduct also formed a "significant basis" of her claims, as also required by the exception, because NIU was the but-for cause of Direct General's offer of ancillary insurance products.

Defendants submitted evidence rebutting Plaintiff's assertion that NIU was a significant local defendant. Plaintiff submitted documents relating to an ancillary insurance product not at issue in this action (vehicle protection insurance), including the corresponding disclosure forms that apparently omitted the fee referenced in the class complaint.

Finally, Defendants asserted that the local-controversy exception was inapplicable because a previous class action, *Lemy v. Direct General Finance Co.*, No. 8:11–cv–2722–T–23AEP (M.D.Fla.), relied on the same or similar facts as the present case and had been filed within the last

three years. *See* 28 U.S.C. § 1332(d)(4)(A)(ii).

On May 22, 2015, the district court granted Plaintiff's motion to remand, finding that the local-controversy exception applied. Defendants appeal.

## II. *Appellate Jurisdiction*

As a threshold matter, Plaintiff argues that this Court lacks jurisdiction to hear this appeal because, once the district court *sua sponte* remanded the case shortly after its removal, the district court lacked jurisdiction to reconsider its decision or to later enter the second remand order that is the subject of this appeal. Were that the case, we would be required to dismiss this appeal. But we find Plaintiff's argument unpersuasive and conclude that we have jurisdiction to consider this appeal.

We review jurisdictional issues *de novo. United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir.2009). Ordinarily, an order remanding a case to state court "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Further, this language has been read to mean that district courts are barred from even reconsidering such orders once they are issued. *See Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203–04 (11th Cir.2011) (holding that "even if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case").

But not all remand orders are immune from review. The Supreme Court has held that § 1447(d)'s broad language must be construed together with § 1447(c). *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714–15, 116 S.Ct. 1712,

135 L.Ed.2d 1 (1996). Section 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Reading these subsections together, we have found that "§ 1447(d) is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c)." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir.2009) (internal quotation marks omitted). Thus, a remand order is unreviewable only if it is "openly based" on (1) a lack of subject matter jurisdiction or (2) a timely motion to remand the case on the basis of a defect in removal procedure. *See In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir.1997). If the district court's first remand order had been based on either of these grounds, the court lacked authority to reconsider it. On the other hand, if the remand order did not invoke a ground authorized by § 1447(c), it was reviewable. *See id.*

■ Plaintiff contends that the order can be read to fall into either of the above categories. First, she argues that the district court purported to rule on the ground of subject matter jurisdiction because its order included a few passing comments reflecting the court's criticism of those who have acted to expand federal jurisdiction under Article III beyond the bounds that the court believed to have been intended by the Founding Fathers. Plaintiff concedes that, in fact, the district court could not have properly dismissed or remanded based on lack of subject matter jurisdiction because a defendant's failure to join in a removal petition is, at best, only a proce-

dural defect. *See id.* at 1410. Nonetheless, Plaintiff notes, § 1447(d) bars review of a remand purporting to be based on jurisdictional grounds "even though the district court may have 'employed erroneous principles in concluding that it was without jurisdiction.'" *Bregman v. Alderman,* 955 F.2d 660, 665 (11th Cir.1992) (quoting *Gravitt v. Sw. Bell Tel. Co.,* 430 U.S. 723, 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977)).

We are unpersuaded by Plaintiff's argument that the district court premised its original remand order on a lack of subject matter jurisdiction. The court made it clear that it was remanding on what it perceived to be a violation of a *procedural* requirement set out in § 1446(a),[1] which requires all defendants to join in a notice of removal. Further, when Defendants filed their motion to vacate the remand order, they specified only two errors: (1) the court's misapprehension of a duty by all defendants joined in a class action to consent to removal and (2) the inability of a court to remand *sua sponte* even when it discovers an actual procedural defect. Only a day later, the district court entered an order summarily vacating its remand order. Nothing in the proceedings reasonably suggests that the court based its initial remand order on any notion that it lacked jurisdiction over the case. While the court commented on the limited scope of federal jurisdiction, we read that comment as a reiteration of the requirement

that removal statutes be construed narrowly. *See, e.g., Russell Corp.,* 264 F.3d at 1049 ("Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction."). Indeed, in its remand order, the court concluded that it "cannot exercise its jurisdiction" over the case, indicating that the court recognized it had subject matter jurisdiction but concluded that a procedural defect compelled remand.

Because remand was not based on a lack of subject matter jurisdiction, we turn to the second category of unreviewable orders under § 1447(c): those openly based on a timely motion to remand for a procedural defect. *See In re Bethesda Mem'l Hosp.,* 123 F.3d at 1409. Plaintiff argues that the remand order qualifies under this exception because Plaintiff had filed a motion to remand before the court remanded on a procedural ground. There are two problems with Plaintiff's argument: (1) she never filed a motion to remand for a procedural defect and (2) the district court did not base its remand order on any such motion. As to the second problem, the court itself characterized its order identifying a procedural defect as being a *sua sponte* order. We have made clear that "§ 1447(c) does not authorize *any sua sponte* remand order not based on subject matter jurisdiction." *Whole Health Chiropractic & Wellness, Inc. v. Humana Medi-*

---

1. There was a misnomer in the court's statutory reference to § 1446(a). It is § 1446(b)(2)(A) that requires all defendants who have been properly joined and served to join in or consent to the removal of an action. But the provision, by its terms, applies only to a civil action that "is removed solely under section 1441(a)." Of course, as Defendants pointed out in their motion to vacate the court's original remand order, per § 1453(b), there is no requirement that all defendants consent to removal of a class action.

In turn, § 1441(a) is the section that permits removal of cases to federal court if the latter has original jurisdiction. Section 1441(b) and (c) specifically reference removals based on the familiar grounds for removal: diversity of citizenship and actions involving a federal question. But § 1453 governs actions removed under CAFA and, as noted above, § 1453(b) states that unanimous consent is not required in the removal of a class action.

cal Plan, Inc., 254 F.3d 1317, 1319 (11th Cir.2001) (emphasis in original).

As to the other problem with Plaintiff's argument, she never filed a motion to remand based on a procedural defect. To the contrary, Plaintiff's motion to remand relied entirely on the applicability of the "local-controversy" exception.[2] That being so, the motion was not authorized by § 1447(c) and, because it was not authorized, it is reviewable. Again, § 1447(c) provides that an order on procedural grounds must be based on "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c); see also Artjen, 561 F.3d at 1296 (holding that, for review to be barred, the order must be based on "a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party" (quoting Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir.2008))); Schexnayder v. Entergy La., Inc., 394 F.3d 280, 285 (5th Cir.2004) ("So long as a procedurally-based motion for remand is timely filed, and the order is not affirmatively based on a non § 1447(c) ground, we will not review a district court's remand order.").

We have interpreted the words "any defect" in § 1447(c) as applying only to "any 'defect' in the removal [process] itself," not to "any removable ground." Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir.1999). Thus, because remand motions based on alleged defects outside the removal process are not covered by § 1447(c), orders granting such motions are not barred from review by § 1447(d). Id. at 1260. Plaintiff's motion was grounded in the local-controversy ex-

ception, which has nothing to do with removal procedure. Indeed, courts have held that the local-controversy exception is akin to an abstention doctrine because § 1332(d)(4) "inherently recognizes the district court has subject matter jurisdiction by directing the court to 'decline to exercise' such jurisdiction when certain requirements are met." Graphic Commc'ns v. CVS Caremark Corp., 636 F.3d 971, 973 (8th Cir.2011); see also Gold v. N.Y. Life Ins. Co., 730 F.3d 137, 142 (2d Cir.2013); Morrison v. YTB Int'l, Inc., 649 F.3d 533, 536 (7th Cir.2011). In Snapper, we specifically recognized that a motion to remand on abstention grounds is not a motion specified in § 1447(c). See 171 F.3d at 1254–59 (reviewing the historical interpretation of § 1447(c) and holding that Congress's use of the broad term "any defect" "was not meant to bring within [§ 1447(c)'s] scope remands in the contexts of forum selection clauses, abstention, or supplemental jurisdiction"). That being so, any order on a motion invoking the local-controversy exception could not have been an order on a "motion to remand based on any procedural defect," as required by § 1447(c).

Plaintiff nonetheless insists that our opinion in Velchez v. Carnival Corp., 331 F.3d 1207 (11th Cir.2003), forecloses review of the district court's order. Based on that case, she asserts that once a plaintiff moves to remand, a court is allowed to remand for a procedural defect it identifies on its own, even if the motion did not raise it. In Velchez, the plaintiff identified a procedural defect in his remand motion, but the district court granted the motion on a different procedural ground it had identified on its own. Id. at 1209–10. The

---

**2.** It is true that in its response to NIU's motion for an extension of time to respond to the motion to remand, Plaintiff asserted that NIU had "waived its right" to challenge the mo-

tion to remand because it had not joined in the removal of the action. But that observation hardly constitutes a motion to remand based on a procedural defect.

defendant thus argued that the court acted *sua sponte* outside of § 1447(c). *Id.; see also Whole Health,* 254 F.3d at 1319. We rejected that argument because the plaintiff's motion had, in fact, first raised a procedural defect, as § 1447(c) requires. *Velchez,* 331 F.3d at 1210. So, even though the court relied on a procedural defect other than the one specified in the motion, that order was nevertheless "prompted" by a § 1447(c) "procedural defect" motion and was unreviewable. *See id.*

*Velchez* is distinguishable from this case because here Plaintiff's motion to remand never identified a procedural defect within the meaning of § 1447(c). And what it did raise—the local-controversy exception—does not fit within the purview of § 1447(c)—meaning that any ruling based on the motion is reviewable. In short, the district court remanded based on a procedural defect that it raised *sua sponte,* and the motion for remand filed by Plaintiff did not raise a ground covered by § 1447(c). Either fact was sufficient to permit review of the first remand order, meaning that the district court possessed the power to vacate its order. As a result, the court had jurisdiction when it entered the second remand order based on the local-controversy exception, from which order Defendants now appeal. For the above reasons, we reject Plaintiff's argument that we lack jurisdiction over this appeal.

### III. *Local–Controversy Exception*

#### A. **Standard of Review and Statutory Backdrop**

We have jurisdiction to review an order granting or denying a motion to remand a class action. 28 U.S.C. § 1453(c)(1). We review a district court's decision to remand *de novo. Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1161 (11th Cir.2006). Further, although "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction," *id.* at 1164, its "language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'" *Id.* at 1163 (quoting S.Rep. No. 109–14, at 42 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 40). Finally, as the party seeking remand, Plaintiff bears the burden of proving that the local-controversy exception applies. *Id.* at 1164–65.

The parties agree that this case falls within CAFA's expanded federal jurisdiction for class actions. But they disagree over whether this case fits within CAFA's local-controversy exception, which requires courts to decline to exercise jurisdiction in cases that are truly local in nature. The local-controversy exception provides:

(4) A district court shall decline to exercise jurisdiction under paragraph (2)—

(A)(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d).

All of the above requirements must be met for the exception to apply, and it is the plaintiff's burden to meet them. The parties disagree over whether (1) local defendant NIU's conduct forms a "significant basis" for Plaintiff's claims, (2) whether Plaintiff seeks "significant relief" from NIU, and (3) whether the *Lemy* action, which was filed less than three years prior to this action, was based on the "same or similar factual allegations against any of the defendants." § 1332(d)(4)(A)(i)(II)(aa)-(bb), (d)(4)(A)(ii).

We affirm the district court's decision as to the latter two issues—the "significant relief" and "similar factual allegations" prongs. We, however, reverse the district court's determination that NIU's conduct formed a significant basis for the class's claims, and we remand for the court to consider that question anew, applying the applicable legal standard and setting out the reasoning that supports its conclusion.

## B. "Significant Basis" Prong of Local–Controversy Exception

■ As noted, Defendants contend that although it was Plaintiff's burden to establish that local defendant NIU met the "sig-nificant basis" prong of the local-controversy exception, the district court did not hold Plaintiff to that burden. Rather, Defendants argue, the court credited bare assertions by Plaintiff over actual evidence presented by Defendants, and neglected to explain why it did so. We find merit in Defendants' observation.

The central conduct for which NIU stood accused in the complaint was its acceptance of a $25 policy fee for ancillary insurance products that it provided to Direct General, which then marketed those products to customers who sought to purchase the minimum level of PIP/PD automobile insurance required by Florida law.[3] Defendants, however, pointed out to the district court that Plaintiff's own summary exhibit attached to her complaint contradicted the position she took during the remand proceedings. According to Defendants, this exhibit showed that Plaintiff had only been charged a single $25 policy fee for the PIP/PD insurance, and no fee for the ancillary AMP policy designed by NIU. Defendants further submitted their own evidence, in the form of declarations by corporate employees, which they characterize as showing that Direct General had not charged a policy fee for the AMP insurance at issue, nor did it remit any portion of the PIP/PD policy fee to NIU. Defendants therefore argue that their evidence stands unrebutted.

The district court's order, however, never acknowledged the existence of this evidence. It is true that Plaintiff attempted to rebut this evidence in her reply brief to Defendants' opposition to the motion to remand, when she proffered an exhibit that purportedly showed that NIU had

---

**3.** Oddly, although Plaintiff alleges that NIU accepted a $25 fee for each ancillary product sold, the complaint's definition of its Ancillary Product Class contains no indication that members of the class must have paid a $25 fee for the product. This omission stands in sharp contrast to the definition of the PIP/PD class, which limits the class to only those customers who paid a $25 policy fee for that policy.

received a policy fee. But as Defendants pointed out, the exhibit was for a different ancillary product at issue in the *Lemy* action and was not bought by Plaintiff. Whether or not Plaintiff's exhibit could fairly be interpreted as rebutting Defendants' evidence, the district court's order neither referenced nor attempted to resolve any evidentiary dispute.

In addition, although the district court recited the correct legal standard at the beginning of its order, which standard places the burden on the plaintiff to establish the applicability of the local-controversy exception, it is not clear that the court actually applied that standard here. In addressing the "significant basis" prong of the exception, the district court stated that it was "not persuaded that NIU's involvement is insignificant here, *based on the allegations* set forth by Plaintiff." (emphasis added) But under *Evans*, it was Plaintiff's burden to prove NIU's "significance," not Defendants' burden to prove that NIU's conduct was insignificant.

For the above reasons, we remand this case to the district court to determine whether Plaintiff has met her burden to prove the "substantial basis" element. We note that we are not requiring the court to hold an evidentiary hearing. Instead, the court should proceed as courts typically do when resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), or a motion to remand for lack of subject matter jurisdiction. *See, e.g., Morrison v. Amway Corp.,* 323 F.3d 920, 924–25 (11th Cir.2003); *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 755, 772–74 (11th Cir.2010). But the court should either make specific findings of fact or provide an explanation why Defendants' evidence on this point is not persuasive, mindful that Plaintiff bears the burden of proof.

## IV. *Conclusion*

For the above reasons, we vacate the district court's remand order and remand the case for further proceedings consistent with this opinion.

**VACATED and REMANDED.**