[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13812
_____

D.C. Docket No. 2:18-cv-00437-CG-B


BETTY R. SHIPLEY,

                                                        Plaintiff - Appellee,

versus

HELPING HANDS THERAPY,
Greensboro Out-Patient Clinic,
a.k.a. New Hope, LLC
d.b.a. Helping Hands Therapy,
PT SARAH BEAUGEZ,

                                                        Defendants - Appellants.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 6, 2021)

Before WILSON, GRANT, and TJOFLAT, Circuit Judges.

WILSON, Circuit Judge:

This appeal presents an issue of first impression in our circuit: whether a district court has authority to remand a case based on a procedural defect in removal when (1) a motion to remand for lack of subject matter jurisdiction is filed within 30 days of the notice of removal, but (2) a procedural defect is not raised until after the 30-day statutory time limit.  Although a remand order based on a procedural defect in removal generally is unreviewable, we have jurisdiction to review such an order when a district court exceeds its statutory authority. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996).  Because we conclude that a district court exceeds its authority by remanding in this circumstance, we have jurisdiction to review the remand order.  And for the same reason, we vacate the order remanding the case to state court.

I.

On October 12, 2017, Plaintiff Betty Shipley filed this negligence action in Alabama state court, alleging that Sarah Beaugez, a physical therapist with Helping Hands Therapy, caused an injury to Shipley's knee during a physical therapy session.  Shipley brought claims against Beaugez and Helping Hands Therapy (Defendants) under the Alabama Medical Liability Act, seeking compensatory and punitive damages.

On October 11, 2018, Defendants filed a notice of removal.  Shipley filed a timely motion to remand—within 30 days after removal—on November 8, 2018,

2

arguing that there was no subject matter jurisdiction in federal court because the parties lacked complete diversity.[1]  She did not raise any procedural defects with removal in that motion.  After Defendants responded to her motion, Shipley filed a reply on December 4, 2018—54 days after the notice of removal.  In her reply, she raised a procedural defect with removal for the first time, arguing that Defendants failed to remove the case within the statutory timeframe.

The magistrate judge entered a Report and Recommendation that the motion to remand be denied because Shipley's objection to the timeliness of removal was itself untimely.  But the district court disagreed.  It found, first, that Shipley had not waived her objection to the removal process.  Second, it found that Defendants did not file the notice of removal within 30 days after they became aware that the case was removable.  Accordingly, the district court determined that removal was defective and remanded the case to Alabama state court.  This appeal followed.

## II.

We review questions of statutory interpretation de novo.  *Truesdell v. Thomas*, 889 F.3d 719, 723 (11th Cir. 2018).

## III.

On appeal, Defendants argue that we should vacate the district court's

---

[1] It is now clearly established that the district court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

remand order. They argue that, although remand orders generally are unreviewable, we have jurisdiction to review this order because it was not prompted by a timely motion to remand based on a procedural defect. Entwined with this jurisdictional issue is Defendants' contention that Shipley waived any argument that there was a procedural defect in removal by failing to timely raise it. Shipley responds that she did not waive her objection to the timeliness of removal and that, as a threshold matter, the district court's remand order is unreviewable.

We begin with the threshold jurisdictional question of whether the district court's remand order is reviewable. Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). But there are exceptions to this general prohibition on appellate review. The Supreme Court has explained that § 1447(d) applies "only [to] remands based on grounds specified in § 1447(c)." *Quackenbush*, 517 U.S. at 711–12 (1996) (quotation omitted). We have jurisdiction to review whether the district court remanded a case by exceeding its statutory authority under § 1447(c). *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009).

We have not yet addressed whether a district court exceeds its statutory authority by remanding a case based on a procedural removal defect when the plaintiff files a motion to remand within 30 days of the notice of removal, but

4

raises a procedural defect only outside the 30-day time limit.  Our sister circuits have split on this issue.  *Compare BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) (holding that the district court was within its statutory authority to remand in this circumstance), *with N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (holding that the district court exceeded its statutory authority to remand in this circumstance).

Because this is a question of statutory interpretation, our analysis starts with § 1447(c)'s plain text.  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1199 (11th Cir. 2007).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).  We have interpreted this language to mean that a remand order pursuant to § 1447(c) must be "openly based" on (1) lack of subject matter jurisdiction, or (2) "a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure."[2]  *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997).

---

[2] Our precedent shows that § 1447(c) governs only remands for lack of subject matter jurisdiction or defects in removal procedure and does not preclude remand on grounds other than

Here, remand was for a defect in the removal procedure, rather than for lack of subject matter jurisdiction.  *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (per curiam) (holding that "timeliness of removal is a procedural defect—not a jurisdictional one").  Therefore, our task is to determine whether the remand order is based on "a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure."  *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d at 1409.  If so, the remand order is "immune from review under § 1447(d)."  *Quackenbush*, 517 U.S. at 712.  If not, the district court exceeded its authority under § 1447(c), meaning we have jurisdiction to review and to vacate the remand order.

We conclude that the remand order is not based on such a motion.  Shipley filed a motion that was timely, but it was based on lack of subject matter jurisdiction—not a procedural defect.  Her reply was based on a procedural defect—timeliness of removal.  But it was filed 54 days after the notice of removal, well outside the 30-day timeframe set forth by the statute.  *See* 28 U.S.C. § 1447(c).  Neither Shipley's motion nor her reply brief was "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction . . . made within 30 days after the filing of the notice of removal."  *Id.*  Therefore,

---

these, such as contractual forum-selection clauses.  *Snapper, Inc. v. Redan*, 171 F.3d 1249 (11th Cir. 1999) (reaching the merits and affirming remand based on forum-selection clause).

6

when the district court remanded because of a procedural defect, it did not base its order "on grounds specified in § 1447(c)." *Quackenbush*, 517 U.S. at 712. And as a result, the remand order is not "immune from review under § 1447(d)." *Id.*

Seeking to reconcile her position with the plain language of the statute, Shipley argues that her reply, in which she first raised a procedural defect, was effectively an amendment to her earlier timely motion for remand. But there is simply nothing in the district court's remand order to suggest that the court construed Shipley's later motion as an amendment to her earlier motion. Instead, the district court's reasoning was that it could remand when a plaintiff timely filed a motion to remand, even if the motion did not raise a procedural defect. So, as we have explained, the district court's order is "openly based" on a ground that is neither (1) lack of subject matter jurisdiction, nor (2) a motion to remand based on a procedural defect made within 30 days after the notice of removal. *See In re Bethesda Mem'l Hosp. Inc.*, 123 F.3d at 1409.

For the same reason—because Shipley did not file a motion to remand based on a procedural defect within the 30-day time limit required by the statute— Shipley forfeited any procedural objection to removal.[3] In finding that Shipley's

---

[3] While the district court and the parties refer to "waiver," this is really an issue of "forfeiture." Waiver refers to the "intentional relinquishment or abandonment of a known right" whereas forfeiture refers to the "failure to make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993). Because the question here is whether Shipley timely asserted her right to object to a defect in the removal process, we use the term forfeiture.

procedural objection was preserved, the district court found persuasive our decision in *Velchez v. Carnival Corp.*, 331 F.3d 1207 (11th Cir. 2003), although the court recognized that the case was not directly on point.  In *Velchez*, we held that when a plaintiff files a timely motion to remand based on a procedural defect, the court can order remand based on a different procedural defect that the plaintiff never raised.  *Id.* at 1210.  That holding does not conflict with our decision today.  The plaintiff in *Velchez* filed a motion making a procedural objection to removal within 30 days of the notice of removal as required by the statute, whereas Shipley did not.  Finding that our holding is not inconsistent with our decision in *Velchez*, we rely on the plain statutory language in concluding that Shipley forfeited any procedural objections by failing to raise them within the timeframe required by the statute.

## IV.

In conclusion, § 1447(c) allows a district court to remand based on lack of subject matter jurisdiction or upon a timely motion to remand on the basis of a procedural defect.  The district court's remand order is based on neither of those grounds.  Shipley *untimely* raised a procedural defect in removal, thus forfeiting that objection.  As a result, the district court had no authority to remand the case on

---

The parties' briefing also focuses on whether removal was timely.  Because Shipley waived her objection to the defect in removal, we need not reach that question.

that basis.  Therefore, we vacate the order remanding the case to state court.

**VACATED.**