[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11910

Non-Argument Calendar

_____

ALBERT M. ROBINSON,

Plaintiff-Appellant,

ANITA ROBINSON,

Plaintiff,

*versus*

STATEWIDE WRECKER SERVICE, INC.,
RICHARD JOEL GARNER,
BETSY ANNETTE GARNER,
CRYSTAL WITTINGTON,
SHANE BLANKENSHIP, et al.,

Defendants-Appellees,

LASHANE T. GRICE, et al.,

Defendants.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03786-JPB

————————————

Before BRANCH, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Albert Robinson challenges the district court's refusal to remand his case—or alternatively, his state law claims—to state court. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 9, 2020, Robinson filed a complaint in the Superior Court of Gwinnett County, Georgia against Statewide Wrecker Service, Inc. and its owner, Richard Garner. He alleged that Statewide and Mr. Garner committed common law fraud, conversion, and "illegal towing and impound" when they towed his pickup truck and trailer from a Wal-Mart parking lot. In April 2020,

Robinson filed an amended complaint adding his wife, Anita Robinson, as a plaintiff. This complaint also contained two additional claims: (1) a "civil rights" section 1983 claim; and (2) a state law "landlord's duties" claim.

In August 2020, Robinson filed another amended complaint that identified himself as the only plaintiff and added Betsy Garner, Lashane Grice, Daphne Richardson, Crystal Wittington, and Wal-Mart Real Estate Business Trust as defendants. The August 2020 complaint contained seven claims: (1) common law wire fraud; (2) tampering with evidence in violation of 18 U.S.C. sections 1341 and 1343; (3) tampering with evidence in violation of Georgia law; (4) conversion; (5) intentional infliction of emotional distress; (6) civil rights violations under 42 U.S.C. sections 1982, 1983, 1985, 1986, and 1988; and (7) violations of Georgia landlord law. Wal-Mart, Grice, and Richardson answered the second amended complaint on August 28, 2020. Those same three defendants filed a notice of removal—based on federal question jurisdiction—in the district court on September 14, 2020. Statewide and Mr. Garner joined the notice of removal.

On September 24, 2020, Robinson timely moved to remand. He argued that Wal-Mart, Grice, and Richardson were not parties to the case—and could not remove the case to federal court—because the state court had not yet ruled on his motion to amend the complaint and add those defendants. However, Robinson withdrew this motion to remand four days later. Robinson timely filed

a second motion to remand on October 9, 2020.  And again, Robinson withdrew this motion.

The defendants moved to dismiss the August 2020 complaint.[1]  Robinson responded to this motion and attempted to withdraw his federal claims.  He also filed a third motion to remand on August 3, 2022.

The district court granted the defendants' motion to dismiss on November 30, 2022.  The court dismissed all federal claims with prejudice due to Robinson's failure to state a claim upon which relief could be granted.  Additionally, the court declined to exercise supplemental jurisdiction over Robinson's state law claims and dismissed those claims without prejudice.  The order also denied all pending motions, including Robinson's August 2022 motion to remand.

On December 15, 2022, Robinson filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(a) and (b).  He argued that the dismissal should be vacated, and the case remanded to state court, because (1) adding non-party defendants was a clerical error, (2) the district court mistakenly used the August 2020 complaint as the operative complaint, (3) he had difficulties obtaining evidence and records from the state of Georgia, and (4) the defendants and their attorneys committed misconduct and fraud.

---

[1] The district court clarified in an earlier order that the August 2020 complaint was the operative complaint.

The district court denied Robinson's rule 60 motion on May 22, 2023.  The court denied relief under rule 60(a) because it was not a clerical mistake to use the August 2020 complaint and allow Wal-Mart, Grice, and Richardson to remove the case.  The court reasoned that those three defendants had answered the August 2020 complaint in state court before filing for removal, making the August 2020 complaint operative and confirming Wal-Mart, Grice, and Richardson were defendants in the case at the time of removal.  The district court also denied relief under rule 60(b) because Robinson never established he had discovered new evidence after the court's dismissal.  Finally, the district court concluded that Robinson's request to remand was "without merit" because it was untimely and there were no longer any claims that could be remanded.

Robinson filed a notice of appeal on June 6, 2023, challenging the "final judgment entered on [May 22, 2023]."

## STANDARD OF REVIEW

Upon the entry of a final order, we review de novo a district court's denial of a motion to remand.  *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).  We review the district court's denial of a rule 60(a) and (b) motion for abuse of discretion.  *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1332 (11th Cir. 2023).  We also review a decision to decline to exercise supplemental jurisdiction for abuse of discretion.  *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1313 (11th Cir. 2008).  A district court only "abuses its discretion when it applies an incorrect legal

standard, follows improper procedures, makes clearly erroneous factual findings, or applies the law unreasonably." *Mills v. Comm'r, Ala. Dep't of Corr.*, 102 F.4th 1235, 1239 (11th Cir. 2024) (citations omitted).

## DISCUSSION

On appeal, Robinson makes only two arguments:  (1) the district court erred by failing to remand the case to state court; and (2) the district court erred by dismissing his state law claims without prejudice instead of remanding them.  To the extent Robinson's notice of appeal may have challenged any other part of the district court's dismissal of the case or ruling on post-judgment motions, he abandoned those arguments by not briefing those issues. *See United States v. Campbell*, 26 F.4th 860, 865 (11th Cir. 2022) ("Generally, issues that are not raised in a party's brief on appeal are considered abandoned.").

### *Robinson's Requests to Remand the Case*

Robinson first argues that the district court should have remanded the case because Wal-Mart, Grice, and Richardson were not parties to the case and "fraudulent[ly]" removed the case to federal court.  This appears to challenge the district court's denial of Robinson's August 2022 motion to remand or his post-judgment request to remand.  However, "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]"  28 U.S.C. § 1447(c).  The notice of removal in this case

23-11910                  Opinion of the Court                         7

was filed on September 14, 2020.  Although Robinson timely filed two motions to remand, he voluntarily withdrew those motions. By the time he challenged removal again, he was approximately two years too late.  Thus, the district court did not err in finding untimely these requests to remand.[2]  *See Shipley v. Helping Hands Therapy*, 996 F.3d 1157, 1161 (11th Cir. 2021) (holding the plaintiff "forfeited any procedural objections [to removal] by failing to raise them within the timeframe required by the statute").

Construed liberally, Robinson's appeal could also be challenging the district court's decision to deny post-judgment relief under rule 60(a) due to the "mistake" of naming Wal-Mart, Grice, and Richardson as defendants and allowing them to remove the case.  Rule 60(a) allows for the correction of "mistakes or oversights that cause the judgment to fail to reflect what was intended at the time." *Bainbridge*, 75 F.4th at 1333 (citation omitted).  There was no clerical mistake in this case to correct; the district court had determined Wal-Mart, Grice, and Richardson answered the August 2020 complaint in state court, could remove the case to federal court, and were properly designated as defendants in the federal proceedings.  Additionally, the notice of removal was valid because Statewide and Mr. Garner joined in the notice.  Accordingly, the

---

[2] Robinson argues that the alleged improper removal resulted in the district court's lack of subject matter jurisdiction.  However, we previously determined that the district court had subject matter jurisdiction under 28 U.S.C. section 1441(a) because Statewide and Mr. Garner joined in the notice of removal.

district court did not abuse its discretion in finding this alleged procedural defect insufficient to justify post-judgment relief.

*Robinson's Request to Remand his State Law Claims*

Second, Robinson argues the district court abused its discretion by dismissing the state law claims without prejudice instead of remanding them to state court. When a district court has dismissed all federal claims, it has discretion to decline to exercise supplemental jurisdiction over state law claims. *Harris-Billups v. Anderson*, 61 F.4th 1298, 1305 (11th Cir. 2023) (citing 28 U.S.C. § 1367(c)(3)). In fact, we have encouraged the dismissal of "any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Id.* (citation omitted). While a district court also has the discretion to remand the state law claims, it is not required to do so. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988). Therefore, the district court did not abuse its discretion in dismissing Robinson's state law claims.

**AFFIRMED**.